DAYTON WOMEN'S HEALTH CENTER ET AL., APPELLEES, *v.*
ENIX ET AL., APPELLANTS.

[Cite as Dayton Women's Health Ctr. *v.* Enix (1990), 52 Ohio St. 3d 67.]

68

(No. 89-221—Submitted February 14, 1990 — Decided June 20, 1990.)

*Bieser, Greer & Landis* and *David C. Greer*, for appellees.

*Thomas E. Grossmann* and *Robert Huffman,* for appellants.

*Robert R. Melnick, Kenneth Shaw* and *John W. Whitehead,* urging reversal for *amicus curiae,* Rutherford Institute of Ohio.

HOLMES, J. The sole issue certified for our review is whether the certification of a defendant class action is a final appealable order that *must* be appealed within the time allotted under App. R. 4(A).[2] For the reasons which follow, we decide that such class certifications are final appealable orders which *must* be appealed within thirty days pursuant to App. R. 4(A).

"Final appealable orders" are defined in R.C. 2505.02, as follows:

"An order affecting a substantial right in an action which in effect determines the action and prevents a judgment, an order affecting a substantial right made in a special proceeding or upon a summary application in an action after judgment, or an order vacating or setting aside a judgment and ordering a new trial is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial. * * *" (Later amended March 1987.)

This court addressed the issue of the appealability of class certifications in *Amato* v. *General Motors Corp.* (1981), 67 Ohio St. 2d 253, 21 O.O. 3d 158, 423 N.E. 2d 452, syllabus, by holding that "[a]n order of a trial court, pursuant to Civ. R. 23(C)(1), determining that an action may be maintained as a [plaintiff] class action is a final, appealable order, pursuant to R.C. 2505.02." In deciding that class certifications are in effect special proceedings under R.C. 2505.02, the *Amato* court announced a balancing test to be applied in these proceedings:

"This test weighs the harm to the 'prompt and orderly disposition of litigation,' and the consequent waste of judicial resources, resulting from the allowance of an appeal, with the need for immediate review because appeal after final judgment is not practicable." *Id.* at 258, 21 O.O. 3d at 161, 423 N.E. 2d at 456.

Similarly, in *Roemisch* v. *Mutual of Omaha Ins. Co.* (1974), 39 Ohio St. 2d 119, 68 O.O. 2d 80, 314 N.E. 2d 386, syllabus, this court held that an order denying plaintiff class action status was a final appealable order under

---

[2] Although appellants argue several propositions of law related to the range and extent of the permanent injunction, we choose only to address the sole question certified to us by the court of appeals.

R.C. 2505.02, since "such [an] order clearly affects a 'substantial right' of *the class* which 'in effect determines the action and prevents a judgment' adverse or favorable to *the class*." (Emphasis *sic*.) *Id.* at 122, 68 O.O. 2d at 81, 314 N.E. 2d at 388. Therefore, pursuant to R.C. 2505.02 an appeal will lie directly from an order certifying or denying class action status.

Although *Amato* and *Roemisch* dealt with the appealability of plaintiff class actions, we find little reason not to apply the holding in those cases to defendant class actions. Clearly, the potential plaintiff or defendant will be equally prejudiced in asserting his or her rights in a defendant or plaintiff class action depending on the certification ruling by the trial court. See, *e.g.*, *Planned Parenthood Assn. of Cincinnati, Inc.* v. *Project Jericho* (1990), 52 Ohio St. 3d 56, 556 N.E. 2d 157. (Plaintiff requested that defendant class action be certified in order to enjoin the defendant class from engaging in certain conduct.) Usually, defendant class actions are requested in suits seeking injunctive relief under Civ. R. 23(B)(2) when there are several defendants who have been charged with a common responsibility for implementing or enforcing a particular challenged code provision or who have otherwise acted in common under an industry-wide practice or collective bargaining agreement, or have had some other interrelationship to one another that bears directly on the challenged conduct in the litigation. 1 Newberg, Newberg on Class Actions (2 Ed. 1985) 133, Section 3.02. Both plaintiff and defendant class actions arise because of the litigation strategies adopted primarily by the plaintiff's counsel under the particular circumstances. Furthermore, "[w]hether the action is claimed to be a class action is solely of plaintiff's choosing, although the defendant may request class treatment in unusual circumstances." Alpert, Class Action Manual (National Consumer Law Center 1977) 190, quoted in Newberg on Class Actions, *supra*, at fn. 23.

Appellants assert that although a class determination is a final appealable order, "an immediate appeal from an order certifying a defendant class is permissive, not mandatory." We disagree. Ohio's App. R. 4(A) states in pertinent part that: "In a civil case the notice of appeal required by Rule 3 shall be filed with the clerk of the trial court within thirty days of the date of the entry of the judgment *or order appealed from.* * * *" (Emphasis added.) Clearly, App. R. 4(A) requires that an appeal be filed within thirty days of a final appealable order.[3] Thus, an order of a trial court, pursuant to Civ. R. 23(C), determining that an action shall be maintained as a class action, is a final appealable order, and a party must appeal such an order within thirty days of the date of entry pursuant to App. R. 4(A).

In the case *sub judice* appellants failed to appeal the January 15, 1987 certification of the defendant class. Instead, they chose to appeal the propriety of the certification on July 10, 1987, when the trial court issued a decision and entry permanently enjoining the defendant class members. Consequently, appellants waived their right to challenge the class certification on appeal.[4]

---

[3] We recommend that the Rules Advisory Committee appointed by this court review whether an amendment to App. R. 4(A) should be adopted in order for a party to have the option of appealing an interlocutory final appealable order after final judgment is rendered in a case.

[4] Under App. R. 3(A) the court of appeals is permitted to dismiss cases where

Therefore, for the foregoing reasons, the decision of the court of appeals is affirmed as to the issue on certification.

*Judgment affirmed.*

MOYER, C.J., WRIGHT and H. BROWN, JJ., concur.

H. BROWN, J., concurs separately.

SWEENEY, DOUGLAS and RESNICK, JJ., dissent.

H. BROWN, J., concurring. I join the syllabus and opinion. An order certifying a class action, if it affects a substantial legal right, qualifies as a special proceeding under R.C. 2505.02 and is thus appealable. This was the holding in *Amato* v. *General Motors Corp.* (1981), 67 Ohio St. 2d 253, 21 O.O. 3d 158, 423 N.E. 2d 452. That decision has stood for nine years and has neither undermined the stability of the law nor bred great confusion. I am not prepared to overrule *Amato*.

I write separately because I believe the Ohio law with respect to final appealable orders presents a dilemma when applied to class action issues. If the order certifying a class action is not immediately appealable, the results of a protracted, complex trial (which class actions usually are) could be nullified by an error in the certification which bears no relationship to the validity of the claims of class members (perhaps numbering into the thousands) on the merits.

On the other hand, if certification orders are immediately appealable, an appeal could be used as a tool to delay proceedings.

There is the further problem presented by amendments to class certification. Each time a modification is made to a class order, is that appealable? I do not read today's decision as a definitive resolution of all appealability questions which may arise from class action determinations.

The problem, as applied to class actions, stems from the requirement in Ohio that an order be classified as appealable (in which case an appeal must be taken or lost) or nonappealable (in which case no appeal may be taken) regardless of the desirability of having the issue determined before the resources of the parties and the court are expended on the merits.

What is needed is a rule which would make immediate appeals of class certifications permissible but not mandatory. Discretion should be given to the trial judge to determine when the interests of justice and judicial economy will be served by review of a class action order before launching into the trial on the merits.

Such an approach is permitted in the federal courts. Federal district courts may certify for appeal to the courts of appeals an order certifying a class, pursuant to Section 1292, Title 28, U.S. Code, which states in part:

"(b) When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may

---

appellants have failed to timely file their appeals. App. R. 3(A) provides: "An appeal as of right shall be taken by filing a notice of appeal with the clerk of the trial court within the time allowed by Rule 4. Failure of an appellant to take any step other than

the timely filing of a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the court of appeals deems appropriate, which may include dismissal of the appeal. * * *"

materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: Provided, however, That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order."

Other states have adopted rules which attempt to solve the peculiar "appealability" problems presented in class actions. See, *e.g.*, Ark. App. R. 2(a)(9); Ga. Ct. App. R. 29; Ill. Supreme Court Rule 308; Ind. App. R. 4(B)(6); and Tex. App. R. 43(a).

I urge the consideration of a rule in Ohio which would avoid the necessity of choosing between the positions taken in today's case by the majority and dissenting opinions. Until such time as a rule change is accomplished, however, I believe that we should adhere to precedent and that orders certifying a class action are appealable under the "special proceeding" language of R.C. 2505.02.

DOUGLAS, J., dissenting. *Amato* v. *General Motors Corp.* (1981), 67 Ohio St. 2d 253, 21 O.O. 3d 158, 423 N.E. 2d 452, was improperly decided by this court and the majority's continued reliance upon it breeds confusion and promotes uncertainty in an area of law which is in great need of clarification and stability. In my judgment, *Amato* should be overruled, and I stand ready to do so.

R.C. 2505.03(A) states, in relevant part, that "[e]very final order * * * may be reviewed on appeal * * *."

R.C. 2505.02[5] defines what types of orders are final: (1) an order affecting a substantial right in an action which in effect determines the action and prevents a judgment; (2) an order affecting a substantial right made in a special proceeding or made upon summary application after judgment; or (3) an order vacating or setting aside a judgment or granting a new trial. See *Chef Italiano Corp.* v. *Kent State Univ.* (1989), 44 Ohio St. 3d 86, 87-88, 541 N.E. 2d 64, 67. The issue presented in the case at bar concerns only the *second* part of R.C. 2505.02 — an order affecting a substantial right made in a *special proceeding* or made upon summary application after judgment.

The court in *Amato* announced a "balancing test" to be utilized in determining whether an order is made in a "special proceeding." The balancing test "* * * weighs the harm to the 'prompt and orderly disposition of litigation,' and the consequent waste of judicial resources, resulting from the allowance of an appeal, with the need for immediate review because appeal after final judgment is not practicable." *Id.* at 258, 21 O.O. 3d at 161, 423 N.E. 2d at 456. Certainly, this court can devise a definition for "special proceeding" which will not depend upon which way the *Amato* scale of justice tips on any given day. The *Amato* balancing test is comprised of nothing

---

[5] R.C. 2505.02 provides in relevant part:

"An order that affects a substantial right in an action which in effect determines the action and prevents a judgment, an order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment, or an order that vacates or sets aside a judgment or grants a new trial is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial."

more than meaningless verbiage to the practicing attorney who has received an order and must decide whether or not to file a notice of appeal.

According to *Amato*, a proceeding is defined as "special" (or not "special") only when a majority of a reviewing court finds that the balance tips in favor of review, and when the reviewing court is a court of appeals even that decision can be changed by this court on appeal. If the balance tips in favor of review, any order affecting a substantial right which was rendered in a civil proceeding is a final appealable order which must be appealed within thirty days.[6] What about members of the bar in this state who never timely file notices of appeal regarding an order made in a proceeding thinking all the while that the *Amato* balancing test would tip in one direction and then, sometime thereafter, a reviewing court rules that the proceeding was "special"? The answer is, of course, that appeal rights are forever lost and colorable claims for malpractice arise. Hence, there are two lessons to be learned from *Amato*. First, every order that affects a substantial right in *any* proceeding should immediately be appealed since what may be defined as an order made in a "special proceeding" may change day to day under *Amato*. In this vein, *Amato* makes the filing of a notice of appeal like attempting to shoot a moving target. The other lesson *Amato* teaches us is that the payment of malpractice insurance premiums for practicing attorneys is essential.

In my judgment, this court should strive to promote clarity and stability in the law. Today's majority opinion simply runs afoul of these notions by relying on *Amato*.

The General Assembly has determined that orders affecting a substantial right made in a "special proceeding" are final orders which may be appealed. On occasion, this court has made certain proceedings "special proceedings" regardless of whether the given proceeding was "special" at all. Today, the majority takes what may be the ultimate step in this dangerous direction.

A "special" proceeding is a proceeding which is unusual or extraordinary. See, *e.g.*, Black's Law Dictionary (5 Ed. 1979) 1253. In *State* v. *Thomas* (1980), 61 Ohio St. 2d 254, 15 O.O. 3d 262, 400 N.E. 2d 897, paragraph one of the syllabus, this court held that denial of a motion to dismiss a criminal charge, based upon a claim of double jeopardy, is a special proceeding. This court has also granted a party the right to immediately appeal an adverse ruling on a discovery matter, as an order made in a special proceeding. See *Humphrey* v. *Riverside Methodist Hospital* (1986), 22 Ohio St. 3d 94, 22 OBR 129, 488 N.E. 2d 877. Now the majority of this court holds that an order, pursuant to Civ. R. 23, *granting* class action status is an order made in a special proceeding.

There is absolutely nothing "special" about proceedings under the Rules of Criminal or Civil Procedure. There is nothing unusual or extraordinary about proceedings that are a part of our everyday civil or criminal practice.[7]

As I have stated on a previous occasion, I believe that:

"A special proceeding is an action

---

[6] See App. R. 4(A).

[7] For an additional case, *not* based on either the Civil or Criminal Rules, creating yet another exception to the final appealable order rule, see *Tilberry* v. *Body* (1986), 24 Ohio St. 3d 117, 24 OBR 308, 493 N.E. 2d 954.

not recognized at common law or part of our standard civil practice. It is one that has been brought about by specific legislation which creates a special type of action. Examples would be forcible entry and detainer, declaratory judgment, appropriation or * * * arbitration." *Stewart* v. *Midwestern Indemn. Co.* (1989), 45 Ohio St. 3d 124, 128, 543 N.E. 2d 1200, 1204 (Douglas, J., dissenting).

Therefore, a special proceeding is an action: (1) which has been brought about by specific legislation creating a special type of action; (2) *and is either* (a) not recognized at common law, *or* (b) not part of our standard civil (or criminal) practice. An order *granting* certification of a defendant (or plaintiff) class does not meet this definition.

Class actions are governed by Civ. R. 23. Civ. R. 23 was created not by specific legislation but, rather, was adopted in Ohio by legislative inaction. See Section 5(B), Article IV, Constitution. As such, a class action proceeding is not a special proceeding. Further, merely for purposes of discussion, the class action proceeding in question *is* part of our standard civil practice and a proceeding in the nature of granting certification of a defendant class *did* exist at common law in the form of equitable bills of peace.[8] Accordingly, the proceeding in question not only fails the first prong of the special proceeding test outlined above (which is dispositive of the matter) but also fails both alternative parts of the second prong.

I agree with today's majority that the *denial* of a class certification is ap-

---

[8] At common law, a bill of peace could be sought to avoid a multiplicity of legal actions. The bill provided a mechanism in which similar claims asserted by a plaintiff against a multitude of defendants could be determined in one equity suit. See 1 Pomeroy Equity Jurisprudence (5 Ed. 1941), Section 245 *et seq.;* Chafee, Bills of Peace With Multiple Parties (1932), 45 Harv. L. Rev. 1297 ("The King of Brobdingnag gave it for his opinion that, 'whoever could make two ears of corn, or two blades of grass to grow upon a spot of ground where only one grew before, would deserve better of mankind, and do more essential service to his country than the whole race of politicians put together.' In matters of justice, however, the benefactor is he who makes one lawsuit grow where two grew before. A potent device for this purpose is the bill of peace in equity."); and 27 American Jurisprudence 2d (1966) 574-575, Equity, Section 51.

The granting of the bill of peace would, in effect, result in the joinder of multiple defendants and the plaintiff's claims against all defendants could be maintained in one consolidated lawsuit. The granting of a bill of peace was, therefore, much like the granting of certification of a defendant class. See Civ. R. 23. Indeed, it has been said that Fed. R. Civ. P. 23 is a product of the equitable bill of peace:

"* * * Defendant class actions have a long and rich history in English common law. The earliest class actions, or bills of peace in the nature of class actions, brought in English Chancery Courts of the seventeenth and eighteenth centuries were largely defendant class actions in which the plaintiff needed to join numerous parties defendant in order to receive an effective remedy. * * *

"* * *

"Defendant class actions have a long history in the United States. As early as 1853, the Supreme Court in *Smith* v. *Swormstedt* [(1853), 57 U.S. (16 How.) 288] upheld an action by a plaintiff class against a defendant class noting the well-established common law rule which permits such class suits. Authority for plaintiff and defendant classes was codified in Federal Equity Rule 38, recodified in Federal Rule of Civil Procedure 23, and carried forward to current Rule 23 in the 1966 amended version." (Footnotes omitted.) Newberg, 1 Newberg on Class Actions (2 Ed. 1985) 373-375, Section 4.45.

pealable as a final order. In my view, the issue concerning the denial of class certification was not properly before this court given the facts of the case *sub judice*, but I pass judgment on the issue only to clarify the distinction between *granting* and *denying* class certification.

As indicated, there are three types of orders which are final. An order *granting* or *denying* class certification is not a final order of the second type (an order affecting a substantial right made in a special proceeding) because such an order is made in a proceeding which is not "special." Nor is an order *granting* class certification a final order of the first type (an order affecting a substantial right in an action which in effect determines the action and prevents a judgment). An order allowing a lawsuit to be maintained as a class action does not determine the action or prevent a judgment. The order simply does neither but, rather, the order granting class status is a necessary step to a final determination of the class action lawsuit.

Conversely, an order *denying* class certification is a final order of the *first* type because the order affects a substantial right of the class and in effect determines the action and prevents a judgment for the class. See *Roemisch v. Mutual of Omaha Ins. Co.* (1974), 39 Ohio St. 2d 119, 122, 68 O.O. 2d 80, 81, 314 N.E. 2d 386, 388. Therefore, an order *denying* class certification is a final order of the *first* type, but not the second; whereas, an order *granting* class certification is not a final order of either the first or second type.

Finally, even if I were to accept the balancing test of *Amato* as a determinant of whether a given order is made in a special proceeding, I believe that the test as applied to orders granting class certification balances in favor of no immediate review. If an order granting class certification is im-

mediately appealable, the class action lawsuit may never be finally litigated. A certification order can be altered, amended, modified or vacated and each change in the class or creation of a new subclass would result, if objected to, in numerous new appeals. Delays in the class action lawsuit could last indefinitely. Such delays and the consequent waste of judicial resources, if the class is decertified or the order is vacated, weigh heavily against permitting immediate appeals. On the other hand, review after final judgment is practicable, in that it would promote the prompt and orderly disposition of the litigation, and far fewer judicial resources would be used, with none being wasted.

For the foregoing reasons, I dissent.

SWEENEY, J., concurs in the foregoing dissenting opinion.

ALICE ROBIE RESNICK, J., dissenting. I respectfully dissent from the majority's holding that an order, "pursuant to Civ. R. 23(C) determining that an action *shall* or *shall not* be maintained as a class action, is a final appealable order * * *." (Emphasis added.) A ruling that an action may be maintained as a class action is totally different from the denial of certification. Hence, I cannot initially accept that they both should be treated the same on the issue of appealability as final orders.

The majority bases its holding on *Amato v. General Motors Corp.* (1981), 67 Ohio St. 2d 253, 21 O.O. 3d 158, 423 N.E. 2d 452, wherein it was held that certification affects a substantial right and is made in a special proceeding. I agree that class certification affects a substantial right. However, I do not agree that it is done in a "special proceeding." Additionally, I can find no

support for such a holding concerning class certification either in Ohio or other jurisdictions.

Recently this court determined that an order in a declaratory judgment action pursuant to R.C. Chapter 2721 affected a substantial right in a special proceeding in *General Acc. Ins. Co.* v. *Insurance Co. of North America* (1989), 44 Ohio St. 3d 17, 540 N.E. 2d 266. However, a declaratory judgment is an independent action determining legal rights. This is not the case with certification of a class action, which is a preliminary procedure. To term a preliminary procedure provided by rule a special proceeding would consequently have broad ramifications and open the door to a flood of piecemeal appeals.

Consequently, if class certification is not a special proceeding, in order for it to be a final order, we must consider the remaining criteria found in R.C. 2505.02 which define final orders other than ones made in special proceedings. R.C. 2505.02 defines "final order" as including "[a]n order that affects a substantial right in an action which in effect determines the action and prevents a judgment * * *." Class certification does neither. We simply have to look to Civ. R. 23(C)(1), which provides as follows:

"As soon as practicable after the commencement of an action brought as a class action, the court shall determine by order whether it is to be so maintained. An order under this subdivision *may be conditional, and may be altered or amended before the decision on the merits.*" An order which may be changed or modified is interlocutory.

"* * * An interlocutory judgment is provisional or preliminary; it is made before a final decision, for the purpose of ascertaining a matter of law or fact preparatory to a final judgment, or it determines some preliminary or subor-

dinate point or plea, or settles some step, question, or default arising in the progress of the cause, but does not adjudicate the ultimate rights of the parties or finally put the case out of court. * * * For some purposes, a judgment is not regarded as final until expiration of the period which the judgment remains *within the inherent power of the court to modify or vacate * * *.*" (Footnotes omitted; emphasis added.) 47 American Jurisprudence 2d (1969) 123-124, Judgments, Section 1053.

From this it can be seen that certification of a class neither determines the action nor prevents a judgment. At any time during the proceedings the court can decertify part or all of the class. It would be wholly inconsistent with a considerable line of cases to hold that if a party opposing certification does not appeal within thirty days of certification its right to appeal is lost. The reason is that at any time during trial of the certified class action the court may change its previous order. There would be no reason for a party to attempt an appeal from such an obviously interlocutory order.

Other jurisdictions have held that certification of a class action is not immediately appealable. The court in *Pincus* v. *Mut. Assurance Co.* (1974), 457 Pa. 94, 321 A. 2d 906, stated:

"We note at the outset that an order permitting a suit to proceed as a class action is not only an interlocutory order, but also that it is the type of interlocutory order which is not usually appealable. *Piltzer* v. *Independence Federal Savings and Loan Association,* 452 Pa. 402, 319 A. 2d 677 (1974). *See also Thill Securities Corp.* v. *New York Stock Exchange,* 469 F. 2d 14, 17 (7th Cir. 1972); *Walsh* v. *Detroit,* 412 F. 2d 226 (6th Cir. 1969); 9 J. Moore, Federal Practice 110.13[9], at 184-87 (2d Ed. 1973)." *Id.* at 96-97, 321 A. 2d at 908.

"Since the appellants' claim is, in

reality, an objection to the propriety of the class action, it can properly be resolved on appeal after final judgment below. To hold otherwise would encourage piecemeal determinations and consequent protraction of litigation. *Piltzer, supra.*" *Id.* at 98, 321 A. 2d at 909.

Arizona has a statute similar to Ohio's as to final judgments. Section 12-2101, Ariz. Rev. Stat. Additionally, Arizona R. Civ. P. 23(c)(1) is identical to Ohio's in that it provides that such an order "may be altered or amended before the decision on the merits." Arizona has also held that denial of a motion for decertification of a class is an interlocutory order and cannot be immediately appealed since it neither determines the action nor prevents a judgment. See *Eaton* v. *Unified School Dist. No. 1 of Pima Cty.* (App. 1979), 122 Ariz. 391, 595 P. 2d 183, affirmed (1979), 122 Ariz. 377, 595 P. 2d 169.

This court in *Roemisch* v. *Mutual of Omaha Ins. Co.* (1974), 39 Ohio St. 2d 119, 68 O.O. 2d 80, 314 N.E. 2d 386, held in the syllabus that: "An order of a trial court, pursuant to Civ. R. 23(C)(1), determining that an action may not be maintained as a class action is a final, appealable order, pursuant to R.C. 2505.02." Other jurisdictions have similarly held that denial of class certification is final. See *Darr* v. *Yellow Cab Co.* (1967), 67 Cal. 2d 695, 63 Cal. Rptr. 724, 433 P. 2d 732 (the California Supreme Court concluded that a class action termination order was in legal effect a final judgment from which an appeal lies); *Reader* v. *Magma-Superior Copper Co.* (1972), 108 Ariz. 186, 494 P. 2d 708; *McConnell* v. *Commonwealth of Pennsylvania, Dept. of Rev.* (1983), 503 Pa. 322, 469 A. 2d 574; *In re Estate of Freedman* (1982), 307 Pa. Super. 413,

453 A. 2d 651. The reasoning that such orders are final is usually based upon the "death knell" theory which was rejected in *Coopers & Lybrand* v. *Livesay* (1978), 437 U.S. 463, 477, wherein the court stated that:

"Accordingly, we hold that the fact that an interlocutory order may induce a party to abandon his claim before final judgment is not sufficient reason for considering it a 'final decision' within the meaning of 1291 [, Title 28, U.S. Code]." Thus, this issue was settled in the federal courts. The *Livesay* decision also commented on the fact that under Fed. R. Civ. P. 23 (c)(1) an order involving class status may be "altered or amended before the decision on the merits." *Id.* at 469, fn. 11. Even if a *denial* of certification of a class were immediately appealable on the basis that the denial prevented a judgment and was a death knell to the action, there is no basis for similar treatment of a *grant* of certification.

In the instant case the trial court certified the class of defendants. The defendants proceeded with the case and did not attempt to seek an immediate appeal. The majority now chooses to affirm the dismissal of defendants' appeal, relying on the holding of *Amato, supra.*

If we were to accept that class certification is a special proceeding we still would not have a final appealable order since the trial court pursuant to Civ. R. 23(C)(1) may change its order of certification at any time prior to a decision on the merits. Such an order is clearly interlocutory and cannot be considered a final appealable order under R.C. 2505.02. It is interesting to note that an Illinois Supreme Court rule succinctly accomplishes what this court is trying to do through case law.[9]

[9] The Illinois Supreme Court has adopted Supreme Court Rule 308 which allows interlocutory appeals in certain circumstances.

To allow this appeal now is for this court to engage in judicial legislation. R.C. 2505.02 was never intended to apply to actions such as the one before this court.

Based upon the foregoing, I would allow the appellant the right to raise the issue of class certification and would decide this issue upon the merits.

"Interlocutory Appeals by Permission

"(a) Requests. When the trial court, in making an interlocutory order not otherwise appealable, finds that the order involves a question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, the court shall so state in writing, identifying the question of law involved. Such a statement may be made at the time of the entry of the order or thereafter on the court's own motion or on motion of any party. The Appellate Court may thereupon in its discretion allow an appeal from the order." Cf. Section 1292(b), Title 28, U.S. Code.