HAMILTON et al., Appellees,

v.

OHIO SAVINGS BANK, Appellant.

[Cite as *Hamilton v. Ohio Sav. Bank* (1999), 136 Ohio App.3d 273.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 76056.

Decided Dec. 20, 1999.

Robert E. Sweeney Co., L.P.A., Robert E. Sweeney and Mark J. Wintering; Law Offices of Steven Weiss and Steven M. Weiss, for appellees.

Arter & Hadden, Hugh M. Stanley, Irene C. Keyse–Walker and Nicholas C. York; Marc W. Freimuth and Roy E. Lachman, for appellant.

Rocco, Judge.

Defendant-appellant Ohio Savings Bank appeals from an order of the trial court that found in favor of plaintiffs-appellees Frances E. Hamilton, Barbara A. Seidel, and George L. Seidel with regard to whether a certain method used by appellant to calculate interest on mortgage loans excluded a number of borrowers from the class certified by the Ohio Supreme Court in *Hamilton v. Ohio Sav. Bank* (1998), 82 Ohio St.3d 67, 694 N.E.2d 442 (*"Hamilton II"*).

Appellant asserts that the trial court improperly, by means of its order, added two new classes of borrowers to the action in contravention of the requirements of Civ.R. 23.

Appellees have filed a motion to dismiss this appeal, arguing the trial court's order is neither final nor appealable. Since this court finds that the trial court's order merely determines the categorization of plaintiffs into their proper particular subclasses within the class itself, it does not meet the definition of a final order set forth in R.C. 2505.02(B)(5). Therefore, appellees' motion to dismiss must be granted.

This case's lengthy history was set forth by the Ohio Supreme Court both in *Hamilton II, supra,* and its earlier opinion in *Hamilton v. Ohio Sav. Bank* (1994), 70 Ohio St.3d 137, 637 N.E.2d 887 (*"Hamilton I"*).[1] Succinctly stated, appellees brought an action against appellant on behalf of themselves and others similarly situated to challenge certain methods used to amortize their residential loans. Appellees asserted statutory and common-law claims and also sought class certification. *Hamilton I* reversed an order of summary judgment in favor of appellant on appellees' statutory and common-law claims.

Subsequently, in *Hamilton II,* the Supreme Court also reversed an order denying appellees' motion for class certification. The Supreme Court stated the following:

"Appellants had moved for class certification pursuant to Civ.R. 23(A), (B)(2) and (B)(3). In their motion, appellants set forth both *their pivotal allegations and the classes which they seek to have certified,* as follows:

" 'The class of persons whom Plaintiffs seek to represent includes all mortgagors on whose mortgages the Defendant has, or is still, calculating interest according to a method which has been *referred to* throughout this litigation as the "365/360" method. The mortgagors whom Plaintiffs seek to represent have executed mortgage notes which have either been retired or are still extant and which *contain a clause that states, in possibly one or more forms, that the Defendant will calculate interest as follows:*

" ' "Such interest shall be computed monthly by (i) obtaining a daily interest factor based upon a 360–day year, (ii) multiplying such factor by the actual number of days in each calendar month, and (iii) applying the result against the computed balance of this note outstanding on the last day of each month."

" 'The gravamen of this action is that *the above-quoted* interest calculation method, in effect, charges the potential class members *interest at rates that are in excess of their agreed contract rates of interest.* * * * '

" * * *

"The trial court has not described the class or classes to which it denied certification. However, it is reasonably clear from the record that appellants seek to represent all Ohio Savings mortgagors on whose residential loans Ohio Savings calculated interest according to the 365/360 method.

---

1. The following opinions of this court also contain summaries of the facts: *Hamilton v. Ohio Sav. Assn.* (Mar. 29, 1990), Cuyahoga App No. 56820, unreported, 1990 WL 37342; *Hamilton v. Ohio Sav. Bank* (Sept. 17, 1992), Cuyahoga App. No. 61908, unreported, 1992 WL 227894; *Hamilton v. Ohio Sav. Bank* (Oct. 3, 1996), Cuyahoga App. No. 69757, unreported, 1996 WL 563665.

"In their motion for class certification, appellants proposed that the class be divided into two subclasses, but *the parties agree that four subclasses were actually presented to the trial court for certification.* We glean from appellants' motion that the following subclasses were proposed for certification:

"(1) All borrowers whose loans have been *retired* where *interest was calculated* under the *365/360 method* but the *monthly payment amount* was established under the *360/360 method.*

"(2) All borrowers whose loans are *outstanding* where *interest is being calculated* under the 365/360 method *but the monthly payment amount* was established under the 360/360 method.

"(3) All borrowers whose loans have been *retired,* where the 365/360 method was used to calculate interest *and* to establish the monthly payment amount.

"(4) All borrowers whose loans are outstanding, where the 365/360 method was used to calculate interest *and* to establish the monthly payment amount.

" * * *

"In the case *sub judice,* appellants challenge the application of the 365/360 method as *increasing their stated interest rate.* Hamilton's loan is retired, and she seeks damages resulting from what she claims was an overcharge of interest. The Seidel loan is outstanding, and the Seidels seek injunctive relief to prevent further overcharges of interest. This is *the same interest and the same injury shared by all members of subclasses three and four.* The fact that appellants present additional claims for failure of their loans to amortize within its intended term does not preclude their representation of these subclasses. See *Am. Timber & Trading Co. v. First Natl. Bank of Oregon* (C.A.9, 1982), 690 F.2d 781, 786–787; *Noren v. Straw* (D.Mont.1982), 578 F.Supp. 1, 3.

" * * *

" * * * [E]ach class seeks to establish that *the method of computation* and the exaction of additional charges *produced an interest rate in excess of the rate set forth in their notes,* and thus there is no conflict or antagonism between appellants and the other class members. See *Cohen v. Dist. of Columbia Natl. Bank* (D.D.C.1972), 59 F.R.D. 84, 89.

" * * *

"In this case, the questions of law and fact which have already been shown to be common to each respective subclass arise from *identical or similar form contracts. The gravamen of every complaint within each subclass is the same and relates to the use of standardized procedures and practices.*

" * * *

"In summary, we hold that this cause shall proceed as a class action, that the *entire class be certified* with respect to *all claims* and that those class members who responded to Ohio Savings' letter to increase their monthly payments or extend the term of their loans be included in the class.

"In light of all the foregoing, the judgment of the court of appeals is affirmed in part and reversed in part, and the cause is remanded to the trial court *for further proceedings consistent with this opinion.*" (Emphasis added.) 82 Ohio St.3d at 68, 72, 74, 78, 80, 87, 694 N.E.2d at 446, 448–449, 450, 452, 454, 459.

Upon remand, the trial court held a case management conference. A controversy apparently arose at this conference, which later was summarized by appellant's counsel in a memorandum as follows:

"[U]pon investigation, certain of the subclasses certified by the Ohio Supreme Court were not as numerous as originally thought.

" * * *

" * * * [S]ubclasses (3) and (4) as certified by the Ohio Supreme court have few members."

Appellant asserted that its "investigation" had produced an "additional class of borrowers" where a "366/360" method was used to establish monthly payments. Appellant contended this class had not been certified.

In response to appellant's characterization of the controversy appellees argued that the designation of the computation method used by appellant as "365/360" was merely a type of shorthand and that the gravamen of their complaint included those borrowers with loans computed by the method appellant now referred to as "366/360." [2]

Appellant filed a reply brief in which it asserted:

"[S]ubclasses three (3) and four (4) as certified by the Ohio Supreme Court are much smaller than originally thought * * * To add subclasses five (5) and six (6) encompassing open and closed 365/360 loans with a principal and interest payment computed by the 366/360 method would constitute certification of additional classes * * *."

Thereafter, the trial court issued the following order on a half-sheet journal entry:

"Upon review of the parties' briefs regarding the 366/360 issue, the court has determined that the 366/360 loans executed after March of 1978 do fall within the Supreme Court's description of the (4) subclasses it certified in *Hamilton v. Ohio*

---

2. The use of the number "366" apparently refers to the fact that a long-term loan would typically include at least one leap year.

*Savings Bank* (1998), 82 Ohio St.3d 67, 694 N.E.2d 442. Therefore it is hereby ordered that subclass (3) shall proceed as follows: All borrowers whose loans have been retired, where the 365/360 method was used to calculate interest and the 365/360 or 366/360 method was used to establish the monthly payment amount. Subclass (4) shall proceed as follows: all borrowers whose loans are outstanding, where the 365/360 method is being used to calculate interest and the 365/360 or 366/360 method was used to establish the monthly payment amount. Subclasses (1) and (2) shall remain unchanged."

Appellant filed a timely notice of appeal from the foregoing order.

■ Although appellant presents one assignment of error for review,[3] a threshold determination must be made as to whether this court has jurisdiction to consider this appeal. Appellees argue the trial court's order does not fall within the purview of either R .C. 2505.02(B)(5) or Civ.R. 54(B) and that, therefore, this appeal must be dismissed. This court finds appellees' argument persuasive.

■ "A reviewing court possesses jurisdiction only to reverse, modify, or affirm a judgment which constitutes a final appealable order." *State ex rel. A & D Ltd. Partnership v. Keefe* (1996), 77 Ohio St.3d 50, 671 N.E.2d 13.

Appellant filed this appeal pursuant to R.C. 2505.02(B)(5),[4] which states:

"(B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:

" * * *

"(5) An order that *determines* that an *action* may or may not be *maintained* as a class action." (Emphasis added.)

The word "determine" is defined in Webster's New World Dictionary (3d College Ed.1990) as to "settle conclusively." Furthermore, "maintain" is defined as "to * * * carry on."

It is apparent from the Supreme Court's opinion in *Hamilton II* that appellees' "cause" or action "shall proceed" or be carried on "as a class action." The Supreme Court stated further that the "entire class" was to "be certified." These matters, therefore, already are conclusively settled.

The Supreme Court indicated in *Hamilton II,* moreover, that appellees' *action* concerned an improper interest computation that arose from "identical or similar

---

3. Appellant's assignment of error states:

"The trial court erred and abused its discretion when it added two new classes of borrowers to this class action without consideration or application of the seven requirements of Civ.R. 23."

4. Appellant does not argue any other provision of R.C. 2505.02 applies.

form contracts" where the "gravamen of every complaint within each subclass" related to "the use of standardized procedures and practices." The case was then remanded to the trial court for further proceedings consistent with the Supreme Court's opinion.

Civ.R. 23 states:

"(C) Determination by order *whether class action to be maintained;* notice; judgment; actions conducted partially as class actions.

" * * *

"(4) When appropriate (a) an action may be brought or maintained as a class action *with respect to particular issues,* or (b) *a class may be divided into subclasses* and each subclass treated as a class, *and the provisions of this rule shall then be construed and applied accordingly.*

"(D) Orders in conduct of actions.

"In the conduct of actions to which this rule applies, the court *may* make *appropriate* orders: (1) *determining the course of proceedings or prescribing measures to present undue repetition or complication* in the presentation of evidence or argument. * * * " (Emphasis added.)

■ Civ.R. 23(D) thus permits the trial court to exercise its discretion in making suitable orders designed to add both precision and simplicity to an already certified class action. Already certified subclasses, therefore, may be redefined by the trial court as the class action proceeds. See, *e.g., Warner v. Waste Mgt., Inc.* (1988), 36 Ohio St.3d 91, at 95, 521 N.E.2d 1091, at 1095; *Reynolds v. CSX Transp., Inc.* (1989), 55 Ohio App.3d 19, at 24, 561 N.E.2d 1047, at 1052–1053.

■ This ability of the trial court does not mean, however, that the order in such an instance is one that is final and appealable. To be final and appealable, the facts of the case must be examined to determine whether the order satisfies both R.C. 2505.02 and Civ.R. 54(B). *Buckeye State Mut. Ins. Co. v. Rowland* (May 18, 1999), Jackson App. No. 98CA842, unreported, 1999 WL 339230; *Sorg v. Montgomery Ward & Co., Inc.* (Dec. 17, 1998), Erie App. No. E–98–057, unreported, 1998 WL 904945; cf., *Am. Process Design, Inc. v. DeBoer* (Oct. 30, 1998), Hamilton App. No. C–971045, unreported, 1998 WL 754322 (Gorman, J. dissenting).

In this case, certification of the entire class and its component subclasses had already been decided in *Hamilton II.* On remand, appellant sought only to *exclude* certain members from any of the four *subclasses;* it was not seeking to decertify the entire class. Cf., *Ralston v. Chrysler Credit Corp.* (Nov. 25, 1998), Lucas App. No. L–98–1312, unreported, 1998 WL 852581. Moreover, none of the

other claims presented by appellees was implicated in this matter. *Lowe v. Sun Refining & Marketing Co.* (1992), 73 Ohio App.3d 563, 597 N.E.2d 1189.

A review of the trial court's order in this case demonstrates that it simply was issued in compliance with Civ.R. 23(D)(1), since it only more precisely categorized the original class appellees sought to represent. Under the circumstances of this case, the trial court could properly examine the issue raised by appellant in light of the Supreme Court's decision and its prerogative under Civ.R. 23(D)(1) to more precisely define subclasses 3 and 4. See, generally, *Marks v. C.P. Chem. Co.* (1987), 31 Ohio St.3d 200, at 201, 31 OBR 398, at 398–399, 509 N.E.2d 1249, at 1251–1252; *Lowe v. Sun Refining & Marketing Co., supra* 73 Ohio App.3d at 573, 597 N.E.2d at 1195–1196.

This court finds it pertinent at this juncture to paraphrase Justice Douglas's dissenting opinion in *Dayton Women's Health Ctr. v. Enix* (1990), 52 Ohio St.3d 67, 75, 555 N.E.2d 956, 962–963: To permit a party to appeal from every modification of a subclass would result in numerous new appeals and could delay the action indefinitely; such delays and the consequent waste of judicial resources weigh heavily against the exercise of this court's jurisdiction in this case.

■ Therefore, this court holds that an order such as the one issued in this case, which merely determines to which subclass an already certified class of plaintiffs belongs, is not a final order within the meaning of R.C. 2505.02(B)(5).

Since no final order was issued in this case, this court lacks jurisdiction to consider appellant's appeal.

Appellant's appeal is, accordingly, dismissed.

*Appeal dismissed.*

KARPINSKI, P.J., and TIMOTHY E. MCMONAGLE, J., concur.