JOURNAL ENTRY AND OPINION
{¶ 1} Defendant, Countrywide Home Loans, Inc. ("Countrywide"), appeals the trial court's order amending the members of the class represented by plaintiff, Jose Rosette ("Rosette"). Rosette separately appeals the trial court's subsequently amending that order. This court consolidated these appeals.
 {¶ 2} Some procedural history is needed to explain the status of the case, which is here on a second appeal.
 {¶ 3} The trial court had certified a class consisting of persons who had paid off their mortgages with Countrywide and for whom Countrywide had failed to timely file satisfaction of those mortgages as required by R.C. 5301.36. Rosette had requested that the class include members for six years prior to the filing of the complaint; the trial court ruled, however, that a one-year statute of limitations applied, and this court affirmed the ruling of the trial court. The Ohio Supreme Court overruled this court and determined that a six-year statute of limitations applied and "remanded to the trial court for further proceedings, consistent with the opinion * * *." Judgment entry of July 5, 2005.
 {¶ 4} On July 13, 2005, the trial court signed an order prepared by Rosette, which order amended the class, purportedly consistent with the Supreme Court's order. In addition to incorporating the members as ordered by the Supreme Court, however, this new order allegedly changed the makeup of the class by making it open-ended rather than terminating on the date the complaint was filed.
 {¶ 5} Countrywide did not receive a copy of the order Rosette had drafted until the day before the order was entered. Countrywide drafted a motion in opposition to the changes in the makeup of the class, but the court had already signed the entry Rosette drafted. Upon learning that the entry had already been signed, Countrywide filed this appeal on August 4, 2005. The parties' briefs and the docket reflect that on August 9th the trial court amended its order in response to Countrywide's motion. Rosette separately appealed this order and both appeals were consolidated.
 {¶ 6} Both Countrywide's and Rosette's appeals present a threshold jurisdictional question: whether the orders amending the makeup of a class are final appealable orders?[1] Class action suits are controlled by Civ.R. 23.[2] The question of whether a certification of a class is a final appealable order became clear when, in its revision of R.C. 2505.02, "the General Assembly * * * expressly designated that judgments determining whether a case may be maintained as a class action are final appealable orders." R.C. 2505.02 now expressly states that a final appealable order includes "[a]n order that determines that an action may or may not be maintained as a class action." Further, the parties do not dispute that this case already has been certified as a class action. Rather, this appeal questions changes in the makeup of the members of that class.
 {¶ 7} After a class has been certified, Civ.R. 23 provides the trial court with the authority to make changes to the class as necessary. Among those changes is dividing the class into subclasses: "When appropriate * * * a class may be divided into subclasses and each subclass treated as a class, and the provisions of this rule shall then be construed and applied accordingly." Civ.R. 23(C)(4)(b).
 {¶ 8} In interpreting the Civil Rule concerning establishing subclasses, this court has ruled that the dividing of a class into subclasses is not a final appealable order. Hamilton v.Ohio Savings Bank (1999), 136 Ohio App.3d 273, 280. Our reasoning for this holding is practical. As we stated inHamilton, "[t]his court finds it pertinent at this juncture to paraphrase Justice Douglas's dissenting opinion in DaytonWomen's Health Ctr. v. Enix (1990), 52 Ohio St.3d 67,555 N.E.2d 956: To permit a party to appeal from every modification of a subclass would result in numerous new appeals and could delay the action indefinitely; such delays and the consequent waste of judicial resources weigh heavily against the exercise of this court's jurisdiction in this case." Hamilton at 280.[3]
 {¶ 9} An order amending a class is analogous to an order dividing a class into subclasses. The Civil Rule states: "As soon as practicable after the commencement of an action brought as a class action, the court shall determine by order whether it is to be so maintained. An order under this subdivision may be conditional, and may be altered or amended before the decision on the merits." (Emphasis added.) Civ.R. 23(C)(1). Prior to the amendment to R.C. 2505.02, the Ohio Supreme Court wrestled with the appealability of class actions and the extent to which they were final appealable orders. In a case that preceded the revision of R.C. 2505.02, Justice Brown noted that the court had not definitely ruled on all potential logistical problems with amending a class: "There is the further problem presented by amendments to class certification. Each time a modification is made to a class order, is that appealable? I do not read today's decision as a definitive resolution of all appealability questions which may arise from class action determinations."Dayton Women's Health Center v. Enix (1990), 52 Ohio St.3d 67,71 (H. Brown, J., concurring). The issue is whether the revision to the statute addressed this question.
 {¶ 10} Only one Ohio court has considered this issue. InGabbard v. Ohio Bureau of Worker's Compensation, Franklin App. Nos. 02AP-876 02AP-1168, 2003-Ohio-2265, the Tenth Appellate District cogently stated:
The right to appeal in the class action certification context is now circumscribed and defined by R.C. 2505.02(B)(5). As we noted above, R.C. 2505.02(B)(5) allows appeals from the initial decision to certify or not to certify a class, but does not provide for an appeal of trial court decision to modify or not to modify the class membership. If an appeal were allowed in the latter situation, each time an individual member of the class requested to be removed from the class, one of the remaining parties could appeal. A party who wished to delay the litigation could delay the litigation indefinitely by pursuing said appeals, arguing that the party does not want to lose a member of the class or does not want to defend against a separate lawsuit.
Id. at ¶ 33.
Case No. 86823
 {¶ 11} We agree with the Tenth District and hold that the trial court's order of August 4, 2000 modifying the class is not a final appealable order, and this court does not, therefore, have jurisdiction over the issues Countrywide raises.[4]
 Case No. 86970
 {¶ 12} In a separate notice of appeal, which was consolidated with Countrywide's appeal, Rosette also filed three assignments of error. These assignments of error all address the trial court's August 9th order.[5] However, this order also modified the class. As with Countrywide's appeal, we lack jurisdiction to consider these assignments of error because the court's order of August 9th modifying the class also was not final and appealable under R.C. 2505.02.
 {¶ 13} Appeal and cross-appeal are dismissed.
It is ordered that appellee, appellant, cross-appellant and cross-appellee split the costs herein taxed.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Anthony O. Calabrese, J., and Kenneth A. Rocco, J., Concur.
[1] The parties were asked to file supplemental briefs on this issue. Only defendant/appellant Countrywide filed a brief.
[2] The status of class certifications in relation to final appealable orders has a long and tortured history in Ohio. See 50 Clev. St. L. Rev. 595, Gary L. Garrison 2002-2003.
[3] See also Metro Services, Inc. v. Wiggins (1998),158 F.3d 162, 165, holding that the court's choice of class representative was not a final appealable order.
[4] The assignments of error and cross-ssignments of error state:
I. THE TRIAL COURT VIOLATED COUNTRYWIDE'S DUE PROCESS RIGHTS WHEN IT AMENDED THE CLASS PERIOD WITHOUT PROVIDING COUNTRYWIDE THE OPPORTUNITY TO BE HEARD ON WHETHER THE AMENDMENT WAS APPROPRIATE.
II. THE TRIAL COURT ABUSED ITS DISCRETION IN AMENDING THE CLASS PERIOD TO EXTEND BEYOND THE ORIGINAL CLASS CLOSING DATE AND TO CONTINUE FOR AN INDEFINITE PERIOD.
III. THE TRIAL COURT ABUSED ITS DISCRETION IN AMENDING THE CLASS PERIOD TO POTENTIALLY OVERLAP A PREVIOUSLY-CERTIFIED CLASS CURRENTLY PENDING IN ANOTHER OHIO JURISDICTION.
IV. THE TRIAL COURT ABUSED ITS DISCRETION IN AMENDING THE CLASS TO INCLUDE MEMBERS WHOSE CLAIMS ARE TIME-BARRED.
CROSS-SSIGNMENTS OF ERROR
I. THE TRIAL COURT ERRED IN ENTERING ON AUGUST 9, 2005 A VOID ORDER AFTER AN APPEAL HAD BEEN FILED ON AUGUST 4, 2005 FROM ITS JULY 13, 2005 ORDER.
II. THE TRIAL COURT'S AUGUST 9, 2005 ATTEMPTED MODIFICATION OF ITS JULY 13, 2005 "AMENDMENT OF CLASS PERIOD PURSUANT TO SUPREME COURT MANDATE" AFTER COUNTRYWIDE FILED ITS AUGUST 4, 2005 APPEAL IS VOID AS A NULLITY.
III. THE TRIAL COURT ERRED IN ENTERING ITS AUGUST 9, 2005 ORDER CONTRARY TO LAW AND INCONSISTENT WITH ROSETTE V. COUNTRYWIDELOANS, INC, 105 OHIO ST.3D 296, 2005-OHIO-1736, AND THE LAW OF THE CASE IN THIS MATTER.
[5] We note parenthetically that the trial court entered its August 9th order after Countrywide had filed its notice of appeal on August 4, 2005. See State v. Maryanovsky (June 13, 1991), Cuyahoga App. No. 58771, 1991 Ohio App. LEXIS 2763, at *5, citations omitted.