[Cite as *Oakley v. Ohio State Univ. Wexner Med. Ctr.*, 2019-Ohio-3557.]

## IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| James Oakley et al., | : | |
| Plaintiffs-Appellants, | : | No. 18AP-843 |
| | | (Ct. of Cl. No. 2017-00845JD) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| The Ohio State University Wexner Medical Center, | : | |
| | : | |
| Defendant-Appellee. | : | |
| | : | |

# D E C I S I O N

## Rendered on September 3, 2019

**On brief:** *Mansell Law, LLC, Gregory R. Mansell,* and *Carrie J. Dyer*; *The Friedmann Firm LLC, Rachel A. Sabo,* and *Peter G. Friedmann*, for appellants. **Argued:** *Gregory R. Mansell.*

**On brief:** *Dave Yost,* Attorney General, and *Randall W. Knutti,* for appellee; *Vorys, Sater, Seymour and Pease LLP, Robert N. Webner, Mark A. Knueve, Michael J. Ball,* and *Natalia M. Cabrera,* special counsel for appellee. **Argued:** *Mark A. Knueve.*

APPEAL from the Court of Claims of Ohio

LUPER SCHUSTER, J.

{¶ 1} Plaintiffs-appellants, a proposed class led by James Oakley and Channing Capehart, appeal from a judgment entry of the Court of Claims of Ohio denying their motion for conditional class certification in their suit against defendant-appellee, The Ohio State University Wexner Medical Center ("OSUWMC"). Appellants additionally appeal from the trial court's denial of their motion for leave to file a second notice of supplemental

evidence. For the following reasons, we sua sponte dismiss the appeal due to lack of a final appealable order.

## I. Facts and Procedural History

{¶ 2} On October 18, 2017, appellants filed a collective action complaint in the trial court on behalf of themselves and all other similarly situated hourly, non-exempt employees of OSUWMC. The complaint alleged OSUWMC was in violation of the Fair Labor Standards Act ("FLSA"), codified at 29 U.S.C. 201, et seq., and owed appellants unpaid wages stemming from its practice of rounding clock-in and clock-out times. Additionally, appellants asserted a Civ.R. 23 class action against OSUWMC due to the same rounding practice, alleging a violation of the Ohio Minimum Fair Wage Standards Act, codified at R.C. 4111.03.

{¶ 3} Prior to conducting discovery, appellants filed, on January 22, 2018, a motion for conditional class certification requesting the trial court conditionally certify the class of "[a]ll current or former hourly, non-exempt employees of [OSUWMC] employed between October 18, 2014 and the present, who are or were subject to the 'Clock In and Clock Out Rounding Policy.' " (Pls.' Pre-Discovery Mot. at 3.) In their briefing, appellants relied on evidence of 17 individuals that they alleged OSUWMC failed to properly compensate based on OSUWMC's rounding practice. Appellants then filed an "unopposed notice of supplemental evidence in support of their pre-discovery motion for conditional class certification" on February 9, 2018. OSUWMC filed a response on April 6, 2018, and appellants, with leave of court, filed a reply in support of their motion on April 30, 2018. Following a May 10, 2018 status conference, the parties filed a joint exhibit providing further details on the clock-in and clock-out procedures at issue in the case.

{¶ 4} After the parties completed briefing on the issue of conditional class certification but before the magistrate had issued a recommendation on appellants' motion, appellants sought leave to file a second notice of supplemental evidence for the magistrate to consider in deciding whether to grant conditional class certification. The proposed supplemental evidence consisted of a sampling of time records and an analysis of 39 different hourly, non-exempt employees. OSUWMC filed a substantive response in opposition.

{¶ 5}   In an August 8, 2018 decision, the magistrate denied appellants' motion for leave to file their second notice of supplemental evidence in support of their motion for conditional class certification.  Specifically, the magistrate noted that the briefing period for appellants' motion for conditional class certification closed on April 30, 2018, but appellants did not seek leave to file their second notice of supplemental evidence until July 23, 2018.   Additionally, the magistrate recommended the trial court deny appellants' motion for conditional class certification on the grounds that appellants "failed to present evidence that conduct in conformity with both the rounding and the attendance policy proves a violation as to all the plaintiffs."  (Mag.'s Decision at 12.)

{¶ 6}   Appellants timely filed objections to the magistrate's decision.  Along with their objections, appellants filed additional supplemental evidence from two individuals that had joined the suit after appellants had filed their motion for leave to file supplemental evidence.  In a September 26, 2018 decision, the trial court overruled appellants' objections to the magistrate's decision and declined to consider appellants' supplemental evidence submitted along with their objections.  Pursuant to its decision, the trial court overruled appellants' objections and adopted and modified the magistrate's decision in a September 26, 2018 judgment entry.

{¶ 7}   Appellants timely appeal.  Additionally, appellants filed an April 9, 2019 motion to supplement the record on appeal pursuant to App.R. 9.

## II.  Assignments of Error

{¶ 8}   Appellants assign the following errors for our review:

> [1.] The trial court erred by failing to consider the additional evidence in appellants' second notice of filing supplemental evidence.

> [2. ] The trial court erred by failing to consider the additional evidence in appellants' objections to the magistrate's decision.

> [3.] The trial court erred by denying appellants' motion for conditional certification.

## III.  Discussion

{¶ 9}    Before analyzing appellants' assignments of error, we must, as a preliminary matter, address our subject-matter jurisdiction in this appeal.  Although neither party has

raised the issue of whether the trial court's September 26, 2018 entry is a final appealable order, an appellate court may raise that jurisdictional issue sua sponte and must dismiss an appeal that is not taken from a final appealable order. *Riverside v. State*, 190 Ohio App.3d 765, 2010-Ohio-5868, ¶ 8 (10th Dist.).

{¶ 10} Under the Ohio Constitution, Article IV, Section 3(B)(2), this court's jurisdiction on appeal is limited to a review of final orders of lower courts. Final orders are those that "dispos[e] of the whole case or some separate and distinct branch thereof." *Lanstberry v. Tilley Lamp Co., Ltd.*, 27 Ohio St.2d 303, 306 (1971). A trial court order is final and appealable only if it satisfies the requirements in R.C. 2505.02 and, if applicable, Civ.R. 54(B).

{¶ 11} The order of the trial court from which appellants seek to appeal is a judgment entry denying appellants' "Pre-Discovery Motion for Conditional Class Certification and Court-Supervised Notice to Potential Opt-In Plaintiffs Pursuant to 29 U.S.C. [Section] 216(b)." (Jan. 22, 2018 Pls.' Mot.) By this motion, appellants sought conditional certification for collective action under the FLSA.

{¶ 12} "In order to be included in a collective action under the FLSA, putative class members must opt into the class." *533 Short North LLC v. Zwerin*, 10th Dist. No. 14AP-1016, 2015-Ohio-4040, ¶ 35, citing *O'Brien v. Ed Donnelly Ents., Inc.*, 575 F.3d 567, 583 (6th Cir.2009). As a means of determining whether a suit should properly continue as a collective action under the FLSA, a court must determine whether prospective opt-in plaintiffs are "similarly situated" for purposes of the FLSA requirements. *Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544, 546 (6th Cir.2006). Generally, courts use a two-stage approach to make the "similarly situated" determination. *Id.* Under the first stage, which determines whether conditional class certification is appropriate, courts utilize a " 'fairly lenient standard' " requiring only a " 'modest factual showing' " that the plaintiffs' positions are similar to those of other employees. *Id.* at 546-47, quoting *Morisky v. Pub. Serv. Elec. & Gas Co.*, 111 F. Supp.2d 493, 497 (D.N.J.2000), and *Pritchard v. Dent Wizard Internatl. Corp.*, 210 F.R.D. 591, 596 (S.D.Ohio 2002). This first stage, potentially resulting in conditional class certification, is also known as the "notice stage." *Harrison v. McDonald's Corp.*, 411 F.Supp.2d 862, 868 (S.D.Ohio 2005), quoting *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 169 (1989) (stating "[c]ourts have discretion to conditionally certify

a class for purposes of serving notice, but only in 'appropriate cases' "). The first stage takes place at the beginning of discovery. *Comer* at 546.

{¶ 13} Under the second stage, a court engages in a thorough review of the record after discovery is completed and makes a final determination on whether potential opt-in class members are similarly situated within the meaning of the FLSA. *Id.* at 547; *Schwab v. J.F. Bernard, Inc.*, N.D.Ohio No. 5:11CV1216 (Mar. 28, 2012). The second stage, resulting in the ultimate determination of whether class certification is appropriate, employs a stricter standard to determine whether the opt-in plaintiffs are truly similarly situated. *Comer* at 547, citing *Morisky* at 497.

{¶ 14} Pursuant to R.C. 2505.02(B), an order is a final order that may be reviewed on appeal when it is "[a]n order that determines that an action may or may not be maintained as a class action." R.C. 2505.02(B)(5). Here, the trial court denied appellants' motion for *conditional* class certification under the FLSA. Because of the two-stage framework for collective action certification under the FLSA, the trial court reached only the first stage of the inquiry and did not make a final determination on whether the action may be maintained as a class action. *See Comer* at 546 ("[a]t the notice stage, the certification is conditional and by no means final"). Under the terms of R.C. 2505.02(B)(5), only an order that *determines* whether an action may or may not be maintained as a class action is considered a final appealable order. The nature of the two-stage framework means the trial court, during the first phase, specifically reserves its ultimate determination on class certification until the second stage. Here, the trial court's decision did not "determine" whether the action may or may not be maintained as a class action; instead, it determined conditional class certification was not appropriate at the time but specifically noted appellants could move again for conditional certification, supporting its motion with additional evidence. Thus, we conclude the trial court's decision denying appellants' motion for *conditional* class certification does not fall within the parameters of R.C. 2505.02(B)(5). *See Gabbard v. Ohio Bur. of Workers' Comp.*, 10th Dist. No. 02AP-976, 2003-Ohio-2265, ¶ 29 (relying on the plain language of R.C. 2505.02(B)(5) and concluding R.C. 2505.02(B)(5) "allow[s] an appeal following the initial finding that a class action, as opposed to an individual action, could be maintained" and does not permit an appeal from other attendant decisions surrounding the certification of a class); *Rosette v. Countrywide*

*Home Loans, Inc.*, 8th Dist. No. 86823, 2006-Ohio-4488, ¶ 10-11. *See also In re NFL Players Concussion Injury Litigation*, 775 F.3d 570, 588 (3d Cir.2014) (concluding an order granting conditional certification is not final, and "there is nothing to review until the district court issues its certification order"); *Mickles v. Country Club, Inc.*, 887 F.3d 1270, 1278 (11th Cir.2018) ("[a]ppellants could not have appealed from the conditional certification order because that order was not a final order").

{¶ 15} Despite our conclusion that the trial court's decision denying appellants' motion for conditional class certification does not fall within R.C. 2505.02(B)(5), we must still determine whether the decision is a final appealable order under some other provision of R.C. 2505.02. The only other provisions with arguable application would be R.C. 2505.02(B)(1) and 2505.02(B)(4).

{¶ 16} Under R.C. 2505.02(B)(1), an order is final and appealable if it "affects a substantial right in an action that in effect determines the action and prevents a judgment." To the extent appellants would have us construe their right to pursue collective action under the FLSA as a "substantial right," the trial court's September 26, 2018 decision does not determine the action or prevent a judgment in appellants' favor on the issue of class certification. The trial court specifically noted appellants could move again for conditional class certification.

{¶ 17} Additionally, an order is final and appealable under R.C. 2505.02(B)(4) if it "grants or denies a provisional remedy," provided the order meets two conditions. Initially, the order subject of appeal must determine the action with respect to the provisional remedy and prevent a judgment in favor of the appealing party regarding the provisional remedy. R.C. 2505.02(B)(4)(a). Secondly, an appeal following judgment must not afford a meaningful and effective remedy to the appealing party. R.C. 2505.02(B)(4)(b).

{¶ 18} R.C. 2505.02(A)(3) defines a provisional remedy as "a proceeding ancillary to an action, including, but not limited to, a proceeding for a preliminary injunction, attachment, discovery of privileged matter, suppression of evidence," or prima facie showings with respect to specified statutes. Assuming arguendo that an order denying a motion to conditionally certify a collective action is a provisional remedy within the meaning of the statute, we conclude the trial court's decision here fails to satisfy the first prong of R.C. 2505.02(B)(4) because it does not determine the action with respect to the

provisional remedy, nor does it prevent a judgment in favor of the appealing party regarding the provisional remedy. As we noted above, the trial court specifically noted in its decision denying conditional certification that appellants could move for conditional certification again, supporting any future motion with additional evidence. Thus, the trial court's September 26, 2018 decision is not a final appealable order within the meaning of R.C. 2505.02(B)(4).

{¶ 19} We additionally note that while neither the trial court's September 26, 2018 decision nor the September 26, 2018 judgment entry contains language, pursuant to Civ.R. 54(B), that there is no just reason for delay, the trial court issued a nunc pro tunc entry on November 5, 2018, after appellants filed their notice of appeal, adding to its September 26, 2018 entry "the express determination that there is no just cause for delay, pursuant to Civ.R. 54(B)." However, the inclusion of Civ.R. 54(B) language "does not turn an otherwise non-final order into a final appealable order." *Noble v. Colwell*, 44 Ohio St.3d 92, 96 (1989). Thus, even though the trial court issued a nunc pro tunc entry to include the Civ.R. 54(B) language in its September 26, 2018 decision, the order, for the reasons outlined above, is not a final appealable order under R.C. 2505.02. *Covatch v. Cent. Ohio Sheltie Rescue, Inc.*, 10th Dist. No. 15AP-699, 2016-Ohio-1241, ¶ 20. We therefore lack jurisdiction to consider the appeal.

## IV. Disposition

{¶ 20} Based on the foregoing reasons, appellants do not appeal from a final appealable order of the trial court, and this court lacks jurisdiction to consider appellants' assignments of error. Accordingly, we sua sponte dismiss appellants' appeal for lack of jurisdiction. We similarly dismiss appellants' April 9, 2019 motion to supplement the record for lack of jurisdiction.

*Appeal dismissed;*
*motion to supplement the record dismissed.*

BROWN and SADLER, JJ., concur.

————————————