*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

File Name: 06a0250p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

KIM COMER, *et al.*,

> *Plaintiffs-Appellees,*

*v.*

No. 05-1761

WAL-MART STORES, INC.,

> *Defendant-Appellant.*

---

Appeal from the United States District Court
for the Western District of Michigan at Grand Rapids.
No. 04-00108—Richard A. Enslen, District Judge.

Argued: May 30, 2006

Decided and Filed: July 19, 2006

Before: BOGGS, Chief Judge; and GIBBONS and GRIFFIN, Circuit Judges.

---

**COUNSEL**

**ARGUED:** Neal D. Mollen, HASTINGS, JANOFSKY & WALKER, Washington, D.C., for Appellant. Harry Ingleson II, Petoskey, Michigan, for Appellees. **ON BRIEF:** Neal D. Mollen, John P. Isa, HASTINGS, JANOFSKY & WALKER, Washington, D.C., Judith M. Kline, HASTINGS, JANOFSKY & WALKER, Los Angeles, California, for Appellant. Harry Ingleson II, Petoskey, Michigan, John B. Ingleson, Murfreesboro, Tennessee, for Appellees.

---

**OPINION**

---

BOGGS, Chief Judge. Wal-Mart appeals the district court's January 4, 2005, order granting the motion of plaintiffs, former Wal-Mart Assistant Store Managers (ASMs), to approve notice to advise ASMs employed at any time in the past three years in Wal-Mart's Region 3 (comprising Michigan, Northern Indiana, and Northern Ohio) of their rights under the Fair Labor Standards Act ("FLSA") and to furnish them an opportunity to opt into plaintiffs' lawsuit pursuant to 29 U.S.C. § 216(b). We **DISMISS** Wal-Mart's appeal for lack of jurisdiction.

**I**

Section 207(a) of the FLSA requires employers to pay time-and-a-half for employee labor exceeding forty hours per week. The FLSA exempts employees who are

1

> employed in a bona fide executive, administrative, or professional capacity . . . ( . . . except that an employee of a retail or service establishment shall not be excluded from the definition of employee employed in a bona fide executive or administrative capacity because of the number of hours in his workweek which he devotes to activities not directly or closely related to the performance of executive of administrative activities, if less than 40 per centum of his hours worked in the workweek are devoted to such activities. . . .)

29 U.S.C. § 213(a)(1).

Employees can sue in their own behalf and for "similarly situated" persons. Section 216(b) establishes two requirements for a representative action: 1) the plaintiffs must actually be "similarly situated," and 2) all plaintiffs must signal in writing their affirmative consent to participate in the action. 29 U.S.C. § 216(b); *Hoffman-La Roche, Inc., v. Sperling*, 493 U.S. 165, 167-68 (1989). Similarly situated persons are permitted to "opt into" the suit. This type of suit is called "collective action." It is distinguished from the opt-out approach utilized in class actions under Fed. R. Civ. P. 23.

The district court may use its discretion to authorize notification of similarly situated employees to allow them to opt into the lawsuit. *Hoffman-La Roche*, 493 U.S. at 169. The court must first consider whether plaintiffs have shown that the employees to be notified are, in fact, "similarly situated." *Pritchard v. Dent Wizard Int'l Corp.*, 210 F.R.D. 591, 594 (S.D. Ohio 2002).

The plaintiffs in this case are former ASMs seeking overtime back-pay for work in excess of 40 hours per week. They claim that Wal-Mart established working conditions such that ASMs were required continuously to perform the same tasks as hourly employees (unloading trucks of merchandise, stocking shelves, rotating stock, etc.) and that for this and other reasons they do not fall within FLSA's *bona fide* executive exemption. The plaintiffs seek to pursue this litigation as a collective action under § 216(b). Wal-Mart claims that its ASMs are bona fide executives and therefore exempt from FLSA's hourly pay requirements.

On May 7, 2004, the district court ordered that discovery proceed in steps. The court first ordered limited discovery related to two questions: 1) whether the suit should properly continue as a collective action, and 2) how best to define the collective action group or class. The court set a deadline of November 30, 2004, for completion of this portion of discovery. For the initial phase, the order contemplated production of documents, expert witness reports, and small numbers of depositions (ten per party) and interrogatories (twenty-five per party). The district court ordered that merits and damages discovery be postponed until a later phase of the litigation.

The district court's order bifurcating discovery was consistent with the approach typically used by courts in suits filed under 29 U.S.C. § 216(b). The first question such courts have generally asked has been whether proposed co-plaintiffs are, in fact, "similarly situated" for the purposes of the statute's requirements. They have used a two-phase inquiry to address this question. The first takes place at the beginning of discovery. The second occurs after "all of the opt-in forms have been received and discovery has concluded." *Goldman v. Radioshack Corp.*, 2003 WL 21250571, at *6 (E.D. Pa. Apr. 17, 2003); *see also Morisky v. Public Serv. Elec. & Gas Co.*, 111 F. Supp. 2d 493, 497 (D. N.J. 2000) (and cases cited therein).

As Judge Enslen wrote in our case, "[a]t the notice stage, the certification is conditional and by no means final." The plaintiff must show only that "his position is similar, not identical, to the positions held by the putative class members." *Pritchard v. Dent Wizard Int'l*, 210 F.R.D. at 595

(*quoting Viciedo v. New Horizons Computer*, No. 2:01-CV-250, slip. op. (S.D. Ohio Dec. 4, 2001) and *Allen v. Marshall Field & Co.*, 93 F.R.D. 438, 443 (N.D. Ill. 1982)). Judge Enslen quoted the *Pritchard* court's conclusion that authorization of notice "need only be based on a modest factual showing," *Pritchard*, 210 F.R.D. at 596 (JA 346), as well as the *Morisky* court's view that "this determination is made using a fairly lenient standard, and typically results in 'conditional certification' of a representative class,'" *Morisky*, 111 F. Supp. 2d at 497 (quoting *Thiessen v. General Elec. Capital Corp.*, 996 F. Supp. 1071, 1080 (D. Kan. 1998)). *See also Roebuck v. Hudson Valley Farms, Inc.*, 239 F. Supp. 2d 234, 238 (N.D.N.Y. 2002) (to gain court approval for notice to similarly situated persons, plaintiffs must "make a modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law").

At the second stage, following discovery, trial courts examine more closely the question of whether particular members of the class are, in fact, similarly situated. As the *Morisky* court wrote, at this second stage, "the court has much more information on which to base its decision and, as a result, [it] employs a stricter standard." 111 F. Supp. 2d at 497.

The district court in our case found that

> the materials submitted by the Plaintiffs in the form of the deposition testimony of Kim Comer, the affidavits of Kevin Arend and Sandra Farr, and the Notice of Consent of the other Plaintiffs, constitute a preliminary showing that Plaintiffs and potential plaintiffs, are similarly situated under the lenient standard applicable at this stage in the proceedings.

The court clearly characterized its approval as conditional. The court moreover granted approval for the most restrictive version of the plaintiffs' proposed notification, allowing notification only for the states comprising Region 3, rather than for persons located in Region 3 plus persons located in all other states save one.

> This Court will approve Notice to advise the salaried assistant managers employed by Walmart at any time in the past three years only within Walmart's "Region 3", *i.e.* the management region for Michigan, Northern Indiana and Northern Ohio. The Court will approve notice as to Region 3 because Defendant, itself, created Region 3 as an area distinct from other areas of the country. Furthermore, although individual Plaintiffs have worked in nine different states, it is unclear that this limited number of Plaintiffs would be able to adequately represent the interests of all potential future class members who choose to opt-in if notice were granted on a national level. Notwithstanding, should it be shown later that salaried assistant managers in Region 3 are similarly situated to other current Plaintiffs who represent states outside Region 3, the Court may then be justified in approving notification of salaried assistant managers in those states or regions. Therefore, this is a conditional certification subject to later review after completion of significant discovery. Later review may include Court action to either expand or limit the certification as appropriate.

The court ordered that notice be sent to the 1,200 current and former ASMs who were employed in Region 3. The district court also ordered Wal-Mart to "produce a list of names and last known addresses of all its salaried assistant managers employed during the past three years in

Region 3." The court further allowed Wal-Mart to object to the plaintiffs' proposed notification document or to submit an alternative document for review.

**II**

We hold that there is no jurisdiction to hear this appeal.

The central jurisdictional question is whether the order of the district court is final and irrevocable under the *Cohen* test for collateral order review. Such an order is reviewable if:

> 1) it conclusively determines a disputed question;

> 2) that question is separate from the merits of the action;

> 3) the matters decided in the order at issue will be effectively unreviewable on appeal from a final judgment; and

> 4) it is not "tentative, informal, or incomplete."

*Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 545-46 (1949); *see also Manion v. Evans*, 986 F.2d 1036, 1038 (6th Cir. 1993).

Wal-Mart asks us to focus our *Cohen* analysis on the notice to the 1,200 ASMs, rather than the question of whether those 1,200 ASMs (or whatever subset ultimately chooses to "opt into" the suit) are, in fact, similarly situated. We consider each approach in turn.

Wal-Mart correctly notes that the district court's order will have the irrevocable effect of notifying 1,200 current and former ASMs of the lawsuit and their rights under FLSA. It is true that they can not be "de-noticed" at a later date. It is clear that the second element of the *Cohen* test is satisfied. The order treats notice to a group of possible plaintiffs, not the merits of any claims they may end up pursuing. As to the third component of the *Cohen* inquiry, Wal-Mart urges that the order will be unreviewable because "notice to . . . 'class' members will always be an accomplished fact by the time a final judgment is rendered in these collective action cases." When we look through Wal-Mart's proposed highly constrained lens, the third component is also satisfied. With respect to the fourth part of the *Cohen* inquiry, the particulars of our case give us no clear answer as to jurisdiction. The decision in our case is not "informal": it was issued following a reasoned opinion and in an official order. Nor was it really "incomplete," insofar as it, by itself, calls for notice to be sent to 1,200 persons. However, we might view the order as "tentative," since the district court described it explicitly as conditional. There is no learning in the circuit courts of appeal as to what the phrase "tentative, informal, or incomplete" means with respect to orders relating to collective action in FLSA. However, our court, in *Wedding v. University of Toledo*, 89 F.3d 316, 319 (6th Cir. 1996), a Title VII and Equal Pay Act case, helped define "tentative" as it appears in the *Cohen* doctrine. There, we ruled that "there [was] nothing 'inherently tentative' about" the district court's motion to stay proceedings and compel utilization of a grievance system provided for in a collective bargaining agreement "as there was no indication that the district court might reconsider or revise its order before it has an effect on the parties by requiring that they proceed forthwith with arbitration . . . ." There is such indication in our case. The district court wrote explicitly that it would review its decision following further discovery.

Even using Wal-Mart's suggested focus on the fact of notice–rather than on the question of whether the notified persons will ultimately be viewed as properly notified–we would be hesitant to conclude that the order satisfies the *Cohen* test.

More importantly, we consider this formulation of the question before us to be too narrow and therefore improper.

Instead, the correct inquiry examines whether Wal-Mart may now appeal the court's conditional conclusion that the 1,200 ASMs, or however many choose to opt into the suit, are similarly situated for the purposes of § 216(b). When viewed through the appropriate lens, the district court's order clearly fails to satisfy the *Cohen* test. The order describes itself as conditional and temporary, and there is no reason our court could not, following an appeal from final judgment, determine that part or all of the plaintiff group was improperly deemed to be similarly situated and therefore improperly notified and included by opt-in. We see no obstacle to our court's later review of this issue. The true disputed issue is ultimately the size and nature of the representative group. From the vantage point of this issue, the district court's ruling fails the highly important first part of the *Cohen* test.

In *Baldridge v. SBC Communications, Inc.*, 404 F.3d 930 (5th Cir. 2005), the Fifth Circuit ruled in a case quite similar to ours that it did not have appellate jurisdiction to review an interlocutory appeal of an order certifying a FLSA action as collective. As in our case, the dispute reached the circuit court before notice had issued. Wal-Mart urges that *Baldridge* was "wrongly decided" and seeks to undermine it by arguing that it was chiefly a spirit of fear–of a proliferation of appeals from § 216(b) rulings–that "animated" the court's decision in that case.

We adopt the approach of the Fifth Circuit. We hold that a conditional order approving notice to prospective co-plaintiffs in a suit under § 216(b) is not appealable.

**III**

We therefore **DISMISS** Wal-Mart's appeal for lack of jurisdiction.