Joe BRASFIELD, Kedric Allen, Brady Bell, Matthew Blackwell, David Davis, Robert Hadley, Jr., Jody Kreyer, Michael Mallett, Edward Monroe, Ronald Monroe, Fabian Moore, Donny Odom, Robert Simmons, Todd Weber, Brandon White, and Timothy Williams, on behalf of themselves and all other similarly situated employees, Plaintiffs,

v.

SOURCE BROADBAND SERVICES, LLC, and C–COR, Inc., Defendants.

No. 2:08–cv02092–JPM–dkv.

United States District Court, W.D. Tennessee, Western Division.

April 23, 2009.

Donald A. Donati, William B. Ryan, Donati Law Firm LLP, Memphis, TN, Donald H. Nichols, Paul J. Lukas, Rachhana T. Srey, Robert L. Schug, Nichols Kaster, PLLP, Minneapolis, MN, Thomas Franklin Donaldson, Jr., Attorney at Law, Marion, AR, for Plaintiffs.

George William Singleton, Louis P. Britt, III, Marcy N. Ingram, Ford & Harrison, LLP, Memphis, TN, Benjamin D. Briggs, Michael D. Kaufman, Matthew R. Almand, Troutman Sanders, Atlanta, GA, Robert M. Williams, Jr., Baker Donelson Bearman Caldwell & Berkowitz, Memphis, TN, for Defendants.

## ORDER CONDITIONALLY CERTIFYING NATIONWIDE CLASS, AUTHORIZING NOTICE, AND ORDERING DEFENDANTS TO PRODUCE CONTACT INFORMATION FOR POTENTIAL CLASS MEMBERS

JON P. McCALLA, District Judge.

Before the Court is Plaintiffs' Motion for Reconsideration of the Court's Order Conditionally Certifying Limited Class (D.E.134), filed March 24, 2009. Defendant Source Broadband Services, LLC ("Source") responded in opposition on April 8, 2009. (D.E.136.) Defendant C–COR, Inc. ("C–COR") also responded in opposition on April 8, 2009. (D.E.137.) For the reasons set forth below, Plaintiffs' Motion is GRANTED.

I. *Background*

On February 12, 2008, Plaintiffs filed a complaint on behalf of the sixteen named Plaintiffs and others similarly situated alleging that Defendants Source and C–COR violated the Fair Labor Standards Act

("FLSA") by failing to pay installers and technicians for overtime. (Compl. generally.)

On April 28, 2008, Plaintiffs moved for conditional certification of a nationwide class. (D.E.31.) On May 2, 2008, Defendants moved the Court to allow time for initial discovery before responding to Plaintiffs' certification motion. (D.E.33, 34.) Plaintiffs opposed staying their certification motion to conduct discovery. (D.E.37.) The Court found initial discovery unnecessary and denied Defendants' motions. (D.E.58.) On March 20, 2009, the Court conditionally certified the following limited class: "Individuals who were, or are, employed by CCOR and/or Source as installers[1] at Defendants' Memphis location(s) during the three years prior to February 12, 2008." (Order Conditionally Certifying Limited Class, Authorizing Notice and Ordering Defendants to Produce Contact Information for Class Members ("Conditional Certification Order") 16.) In the Conditional Certification Order, the Court concluded that Plaintiffs had not presented sufficient evidence of a nationwide policy or plan to conditionally certify a nationwide class.

While the Motion for Conditional Certification was pending, Plaintiffs took the depositions of Jim Romese, Vice President of Outsourced Operational Services for C–COR; David Levitan, President of C–COR and CEO of Source; and Dean Hilderhoff, Vice President of Human Resources for Source.[2] Mr. Romese testified that he created a compensation system while working at Worldbridge, and that all installers on all Worldbridge projects were paid using that system. (Romese Dep. 16–17, 20–22.) He testified that the same system of paying installers for overtime continued after C–COR acquired Worldbridge (Id. at 22, 33.) Mr. Levitan testified that "the majority of times" C–COR installers were paid using the piece rate system Mr. Romese had structured. (Levitan Dep. 8, 11–12, 19–21.) Mr. Levitan also testified that when Source acquired C–COR's

installation operations, Source implemented a new system of compensation and that "the majority or all" of installer work was paid using the piece-rate system. (Id. at 81–82, 141.) Mr. Hilderhoff testified that all installers employed by Source are paid on the piece-rate system. (Hilderhoff Dep. 17.)

This deposition testimony was not presented to the Court until March 24, 2009, four days after the Court's Conditional Certification Order. In the pending Motion, Plaintiffs ask the Court to consider the deposition testimony and to expand the conditionally certified class to include installers nationwide.

II. *Analysis*

■ To determine whether employees are "similarly situated" for purposes of a collective action under section 216(b) of the FLSA (29 U.S.C. § 216(b)), the Court employs a two-phase analysis. The first stage of analysis occurs early in discovery, when the Court determines whether to conditionally certify a class for notice purposes. *Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544, 546–47 (6th Cir.2006). The second stage takes place after "all of the opt-in forms have been received and discovery has concluded." *Id.* at 546. This case is still at the first stage because potential class members have not yet been notified, opt-in forms have not been received, and discovery is still in its early stages.

■ Plaintiffs' burden at the first stage is "fairly lenient" and requires only "a modest factual showing" that they are similarly situated to the other employees they seek to notify. *Id.* at 547 (*quoting Pritchard v. Dent Wizard Int'l Corp.*, 210 F.R.D. 591, 594 (S.D.Ohio 2002)). At this stage the Court does not resolve factual disputes, decide substantive issues going to the ultimate merits, or make credibility determinations. *See Lynch v. United Servs. Auto. Ass'n*, 491 F.Supp.2d 357, 368–69 (S.D.N.Y.2007) (*citing*

---

1. The Court defined "installers" as "those employees whose primary job duties included installing, helping to install, servicing, replacing and/or repairing telephone, internet, and/or digital cable boxes for Comcast and/or Time Warner customers." (Order Conditionally Certifying Limited Class, Authorizing Notice and Ordering

Defendants to Produce Contact Information for Class Members 13.)

2. Mr. Romese was deposed on March 5, 2009. Mr. Levitan and Mr. Hilderhoff were deposed on December 4, 2008.

*Barrus v. Dick's Sporting Goods, Inc.*, 2006 WL 3373117, at *4 (W.D.N.Y. Nov.3, 2006); *Young v. Cooper Cameron Corp.*, 229 F.R.D. 50, 54 (S.D.N.Y.2005); *Hoffmann v. Sbarro, Inc.*, 982 F.Supp. 249, 262 (S.D.N.Y.1997)).

The deposition testimony of Defendants' executives strongly suggests that Defendants' piece-rate compensation policies, whether legal or illegal, applied to installers nationwide. Neither Source nor C–COR disputes the uniform nature of the compensation policies in their responses to Plaintiffs' Motion for Reconsideration. In fact, C–COR explicitly identifies a single C–COR Pay Policy, a pre–2009 Source Pay Policy, and a 2009 Source Policy, making no effort to distinguish between locations. (C–COR Resp. 7–8; *see also* Source Resp. 9 (referring to Source's "piece rate compensation system" generally without distinguishing between locations)). In previous filings, however. Defendants encouraged the Court not to certify Plaintiffs' proposed class in part because of variations in the policies and practices of different offices. *See, e.g.,* Source Resp. to Pls.' Mot. for Cond. Certification 16 ("Other courts, facing analogous situations involving varied local office practices rather than national company policy, have likewise denied FLSA collective actions.")

The deposition testimony of Defendants' executives was not before the Court when it limited the conditional class to Memphis installers. The Court now concludes, based on the deposition testimony and the declarations submitted with Plaintiffs' previous motion, that Plaintiffs have presented sufficient evidence that each Defendant compensated its installers nationwide under a uniform policy. Accordingly, the Court expands the conditionally certified class to include installers nationwide.

For the reasons that follow, the Court rejects Source and C–COR's arguments in opposition to Plaintiffs' Motion for Reconsideration.

### a. *Defendant Source's Arguments*

Source argues that consideration of the deposition testimony is improper because the Court should not decide factual issues or make determinations on the merits at this stage. The Court rejects this argument because the cited testimony goes directly to the question of whether Plaintiffs are similarly situated to installers nationwide, not to the merits of Plaintiffs' FLSA claims. Source also argues that it would be unfair to consider the deposition testimony because Source did not have an opportunity to depose Plaintiffs. In light of testimony from Defendants' executives that each Defendant had a company-wide policy for compensating its installers, the Court is not persuaded that Plaintiffs' depositions are unlikely to be helpful on this issue.

Source also argues that the deposition testimony does "little to advance [Plaintiffs'] allegations that [Source] had an illegal nationwide policy which violated the FLSA, particularly when ... executives testif[ied] ... that installers were properly paid overtime." (Source Resp. 11.) The Court rejects this argument because it goes to the merits of Plaintiffs' claim—the issue of whether the Source policy was illegal. At this stage, the Court determines only that Plaintiffs have made a sufficient showing that the policy was nationwide; the Court does not decide whether the policy was illegal.

### b. *Defendant C–COR's Arguments*

C–COR makes the following arguments in opposition to Plaintiffs' Motion: (1) Plaintiffs have not met the Rule 59(e) reconsideration standard; and (2) Plaintiffs chose to pursue certification before discovery and opposed Defendants' earlier motion to conduct preliminary discovery.[3]

---

**3.** C–COR also argues that Plaintiffs fail to present evidence of a "single decision, policy, or plan" because C–COR's compensation policy was different from the Source policy or policies. According to C–COR, Plaintiffs have, at best, presented evidence of two or three nationwide plans, rather than a *single* decision, policy, or plan. This argument does not address the geo-

graphic scope of the Plaintiff class. Instead, the argument goes to whether C–COR and Source are properly joined as Defendants in a single action. As the Court explained in the hearing on this Motion, it may become necessary as the case progresses to separate the C–COR and Source claims. At this stage, however, efficient discovery counsels in favor of proceeding jointly.

C–COR argues that the Court should not expand certification to a nationwide class because Plaintiffs have not shown a clear error of law, newly discovered evidence previously unavailable to the parties, or intervening change of controlling law as required by Federal Rule of Civil Procedure 59(e). (C–COR Resp. 3 (*citing GenCorp, Inc. v. Amer. Int'l Underwriters,* 178 F.3d 804, 834 (6th Cir.1999).)) The Federal Rules of Civil Procedure do not explicitly recognize a motion to "reconsider" and Plaintiffs do not identify in their Motion which Rule entitles them to relief. While Courts often construe a motion to reconsider as a motion to alter or amend under Rule 59(e), such a construction of Plaintiffs' Motion is inappropriate. Rule 59(e) applies where a party seeks to alter or amend a *judgment.* In contrast, Plaintiffs ask the Court to alter or amend a conditional class certification. Unlike a judgment, conditional class certification is not a final determination but is, by definition, subject to modification or decertification. Just as Defendants may move for decertification at the conclusion of discovery, Plaintiffs may renew their motion for conditional certification where discovery provides support for such motion. *See Price v. Acosta,* 03–2686 Doc. 63 (W.D Tenn. May 10, 2005) (expanding conditional class at the notice stage where plaintiffs present sufficient evidence to support expansion); *Treme v. HKA Enter., Inc.,* 2008 WL 941777, at *3 (W.D.La. April 7, 2008) (allowing plaintiffs to resubmit their motion for certification at a later date). The Court construes Plaintiffs' Motion for Reconsideration as a renewed motion to conditionally certify a nationwide class. Accordingly, Plaintiffs need not meet the Rule 59(e) standard.

The Court recognizes, however, that several factors weight against granting Plaintiffs' Motion. Unlike the courts in *Price* and *Treme,* the Court did not expressly grant plaintiffs leave to renew their motions for certification after additional discovery in this case. Furthermore, Plaintiffs failed to supplement their original motion with the probative deposition testimony, even though it was discovered prior to the Court's Conditional Certification Order. Finally, Plaintiffs affirmatively opposed conducting preliminary discovery and made the strategic decision to file their certification motion only two months after filing their complaint.

In spite of Plaintiffs' strategic and procedural decisions, the Court finds that expanding the class at the notice stage promotes both justice and the efficient determination of claims. (*See* FED.R.CIV.P. 1 (instructing courts to construe procedural rules to promote "just, speedy, and inexpensive determination" of every action).) Plaintiffs' Motion for Reconsideration was filed only four days after the Court's Order, the class notice has not yet been approved, and the proposed class members have not yet been notified. Had the deposition testimony been included with Plaintiffs' original motion, the Court would have certified a nationwide class in its Conditional Certification Order. Accordingly, the prejudice to Defendants of modifying the scope of the class at this stage is not substantial. Furthermore, conditional certification of a nationwide class promotes judicial efficiency. The evidence before the Court indicates that Source and C–COR had nationwide policies for compensating their installers. Certification of a nationwide class avoids duplicative actions challenging the same nationwide policies.

## III. *Conclusion*

For these reasons, Plaintiffs' Motion for Reconsideration is GRANTED. The class is expanded to include installers at all C–COR and Source locations nationwide The Court conditionally certifies the following class: Individuals who were, or are, employed by C–COR and/or Source as installers after February 12, 2005.

Pursuant to *Hoffmann–La Roche Inc. v. Sperling,* 493 U.S. 165, 110 S.Ct. 482, 107 L.Ed.2d 480 (1989), the Court exercises its discretion to approve that potential members of the above-described class be notified and given an opportunity to opt-in to the action. To facilitate this notice, the Court orders Defendants to disclose contact information for potential members of the above-defined class. This contact information shall include the name, last known address, telephone number, last four digits of social security

number, employee number, and dates of employment for each individual who was employed as an installer by C–COR or Source during the three years prior to February 12, 2008 or who is currently so employed. Defendants have thirty days in which to produce this information.

A court approved notice will issue separately.