Dustin SWIGART, et al., Plaintiffs,

v.

FIFTH THIRD BANK, Defendant.

No. 1:11cv88.

United States District Court,
S.D. Ohio,
Western Division.

Aug. 31, 2011.

Randolph Harry Freking, Sheila M. Smith, Freking & Betz, Cincinnati, OH, Matthew H. Morgan, Nichols Kaster, PLLP, Tim C. Selander, Minneapolis, MN, for Plaintiffs.

Anthony J. Hall, Desiree C. Henderson, Littler Mendelson, P.C., Orlando, FL, Scott A. Carroll, Jackson Lewis LLP, Cincinnati, OH, for Defendant.

## ORDER GRANTING IN PART PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION AND JUDICIAL NOTICE

SUSAN J. DLOTT, Chief Judge.

Before the Court is Plaintiffs' Motion for Conditional Certification and Judicial Notice brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b). (Doc. 31.) For the following reasons, Plaintiffs' Motion is **GRANTED IN PART** and **DENIED IN PART**.

## I. BACKGROUND

Plaintiffs Dustin Swigart and Sonia Schultz were formerly employed by Fifth Third Bank as Mortgage Loan Officers ("MLOs") at Fifth Third's Cincinnati-area banking locations. They claim that Fifth Third violated the FLSA and Ohio law when it failed to pay them overtime compensation when they worked more than forty hours in a workweek.

The FLSA requires covered employers to pay overtime wages to employees who work more than forty hours per week unless the employees fall into the category of exempted employees. See 29 U.S.C. §§ 207(a)(1) and 213(a). One such category includes those employees working in a bona fide administrative capacity as defined by regulations issued by the Secretary of Labor. See 29 U.S.C. § 213(a)(1). The Department of Labor ("DOL") issued regulations in 2004 addressing the exemption status of employees in the financial services industry. See 29 C.F.R. § 541.203(b). In 2006, the DOL issued an Opinion Letter ("2006 Opinion Letter") stating that the administrative exemption applies to MLOs who perform a set of specified duties. See Wage and Hour Opinion Letter, FLSA 2006–31 (Sept. 8, 2006).[1] Then, on March 24, 2010, the DOL issued Administrator Interpretation 2010–1 in which it concluded that the administrative exemption does *not* apply to the typical MLO. See Administrator's Interpretation No. 2010–1 (March 24, 2010).[2]

Fifth Third Bank believed on the basis of the 2004 regulations and the 2006 Opinion Letter that the administrative exemption applied to Fifth Third's MLO position and that the Bank was not obligated to pay overtime wages to its MLOs. (Decl. Mark Wilson, doc. 32–6, ¶¶ 7–11.) Then, following the DOL's issuance of Administrator's Interpretation 2010–1, the Bank decided to reclassify the MLO position as non-exempt and to restructure the compensation program for the MLO position. (*Id.* ¶¶ 12–13.)[3]

As of January 3, 2011, all individuals currently employed by Fifth Third Bank as MLOs have been reclassified as non-exempt from the FLSA's overtime requirements. (*Id.* ¶ 14.) In addition, Fifth Third Bank offered and paid most of its currently employed MLOs overtime pay for time worked

---

1. The 2006 Opinion Letter is attached as Exhibit A to the Affidavit of Anthony J. Hall (attached as Exhibit 1 to Defendant's Statement of Proposed Undisputed Facts), doc. 32–3. The Opinion Letter states that "the mortgage loan officers you describe are exempt administrative employees" but reiterated that "an employee's exempt status is not determined based on job title or job classification" but rather by the employee's job duties and compensation. *Id.* * 1.

2. Administrator's Interpretation 2010–1 is attached as Exhibit B to the Affidavit of Anthony J. Hall, doc. 32–4.

3. Fifth Third Bank does not concede that Administrator's Interpretation 2010–1 is legally enforceable.

in excess of forty hours per week in any week since March 24, 2010—the date of Administrator's Interpretation 2010–1. (*Id.*) Fifth Third Bank MLOs who accepted the back payment of overtime wages were asked to sign an Employee Acknowledgment Form that set forth the total back pay owed to the employee and included the following statements:

> I have disclosed to Fifth Third all hours that I have worked, including overtime.
>
> The overtime pay calculation is accurate, and there are no additional wages or payments due to me from Fifth Third.
>
> I will not assert or testify in any federal, state or local government agency that I worked more hours during, or am owed additional overtime pay for the period from 3/24/2010 to [last date of employment prior to 1/3/2011.]

(*See, e.g.,* Swigart's Employee Acknowledgment Form, doc. 31–13.)

Plaintiffs, on behalf of themselves and all others similarly situated, now claim that Fifth Third's classification of its MLOs as exempt prior to January 2011 violated the FLSA and the Ohio Minimum Fair Wage Standards laws, depriving them of overtime pay and entitling them to damages. Plaintiffs ask this Court to conditionally certify a collective class and supervise the sending of judicial notice to similarly situated current or former Fifth Third MLOs so that they might "opt in" to this FLSA lawsuit. The unit requested for conditional certification is:

> All persons who worked for Fifth Third Bank as a loan officer at any time within three years of the date the Court grants this motion and January 3, 2011.

(Doc. 31 at 1.)

In addition to asking the Court to conditionally certify the collective class, Plaintiffs ask for authorization to send judicial notice to the putative collective class members.

Plaintiffs propose two different forms of judicial notice: one to be sent to putative collective class members who received back pay from Fifth Third and signed an Employee Acknowledgment Form, and the other to those who did not. Both proposed notices are captioned, "JUDICIAL NOTICE OF LAWSUIT FOR UNPAID OVERTIME WAGES" and are directed to "Current and former Mortgage Loan Originators, otherwise known as 'Loan Officers' employed by Fifth Third Bank at any time between [DATE] and the present." (doc. 31–14 at 3, 7.) Plaintiffs assert that two different forms of notice are necessary because there may be confusion about whether employees who signed the Acknowledgment Form have the right to participate in this action.[4]

To facilitate their efforts to send judicial notice to putative collective class members, Plaintiffs ask the Court to order Fifth Third to produce a list of all persons employed by the Bank as MLOs at any time within three years of the Court's Order and up to January 3, 2011. They request that the list include each employee's full name, last known address and telephone number, last known personal email address (for former employees only), social security number (last four digits only), employee identification number, and dates of employment as a loan officer. Plaintiffs request permission to send the judicial notice to former employees by email as well as regular mail, stating that addresses for former employees are less accurate and that using email will increase the likelihood that putative collective class members will receive the judicial notice.

## II. ANALYSIS

### A. FLSA Collective Class Certification

The FLSA provides a private cause of action against an employer "by any one or more employees for and in behalf of himself or themselves and other employees similarly

---

**4.** Plaintiffs suggest including the following language in the judicial notice sent to MLOs who have signed an Employee Acknowledgment Form:

> You previously signed an "Employee Acknowledgment Form" and received overtime pay from Fifth Third Bank for some period of time between March 24, 2010 and January 3, 2011.

> Despite the statements in the Employee Acknowledgment Form, you still have the right to participate in this lawsuit. The Employee Acknowledgment Form cannot be used as either a settlement of your claim or a waiver of Fifth Third's liability.

(Doc. 31–14 at 7.)

situated." 29 U.S.C. § 216(b). "Similarly situated" persons are permitted to "opt into" the suit. *Comer v. Wal–Mart Stores, Inc.*, 454 F.3d 544, 546 (6th Cir.2006). The FLSA does not define "similarly situated," nor has the Sixth Circuit. *O'Brien v. Ed Donnelly Enterprises, Inc.*, 575 F.3d 567, 584 (6th Cir. 2009). However, most courts use a two-phase inquiry to address whether proposed co-plaintiffs are similarly situated for the purposes of the statute's requirements. *Comer*, 454 F.3d at 546.

First, in what is referred to as the "initial notice" stage, the Court must determine whether to conditionally certify the collective class and whether notice of the lawsuit should be given to putative class members. *White v. MPW Indus. Servs. Inc.*, 236 F.R.D. 363, 366 (E.D.Tenn.2006). Because the Court has minimal evidence at this stage, the determination is made using a fairly lenient standard. *Id.; see also O'Brien*, 575 F.3d at 584 (explaining that § 216(b)'s "similarly situated" requirement is less stringent than Rule 23(b)(3)'s requirement that common questions predominate). Plaintiffs can show they are similarly situated by showing that "their claims [are] unified by common theories of defendants' statutory violations, even if the proofs of these theories are inevitably individualized and distinct." *O'Brien*, 575 F.3d at 585. Once the action is conditionally certified, notice is provided to the putative collective class members and discovery proceeds. However, a court's certification of a class at the notice stage is "conditional and by no means final." *Comer*, 454 F.3d at 546. At the second stage of the proceedings, the defendant may file a motion to decertify the class if appropriate to do so based on the individualized nature of the plaintiff's claims.

Based on the evidence presented to the Court so far, the Court concludes that Plaintiffs have shown that persons who were employed by Fifth Third as MLOs within the last three years and prior to January 3, 2011 are similarly situated such that conditional collective class certification is appropriate. First, all persons in the proposed collective class were subject to the same employment classification that Plaintiffs allege violates the FLSA. Fifth Third does not dispute that, prior to January 3, 2011, it classified its MLOs as exempt from the FLSA's overtime requirements.

Second, based on the exempt classification, none of the proposed collective class members were paid overtime pay when they worked over forty hours a week.[5] Rather, as is reflected in the declarations of the two named Plaintiffs and eight opt-in Plaintiffs, Fifth Third MLOs were paid a draw and commissions regardless of the hours worker per week. (Selander Decl. Ex. 1–10, docs. 31–2 through 31–11.)

Third, the proposed collective class members all had the same primary job duty—selling residential mortgage products—and were required by Fifth Third to meet certain production goals. (*Id.*) The MLOs state in their declarations that to meet these production goals, they had to work more than forty hours per week. (*Id.*) The repercussions for failing to meet Fifth Third's production goals included but were not limited to termination. (*Id.*) The evidence thus demonstrates that persons in the proposed collective class are similarly situated for the purposes of pursuing a collective class action under the all FLSA: all performed the same job duties, routinely worked over forty hours per week, and were not paid overtime pay.

In its Memorandum in Opposition to Plaintiffs' Motion for Conditional Certification, Fifth Third attacks the merits of Plaintiffs' claims.[6] Specifically, Fifth Third states that it relied in good faith on the 2004 regulations, the 2006 Opinion Letter, and the advice of

---

5. Twenty-two persons already have joined this case by filing their written consent to participate in the suit. All indicated on the Consent Form that there were occasions when they worked over forty hours in a week and did not receive overtime pay.

6. Fifth Third twice filed a single document titled "Defendant's Motion for Partial Summary Judgment and Memorandum in Opposition to Plaintiffs' Motion for Conditional Certification and Judicial Notice." (Docs. 32, 33.) That single document is, as reflected by its title, both an opposition to Plaintiffs' motion to certify an FLSA opt-in class *and* a Rule 56 motion.

outside counsel when it concluded that the administrative exemption applied to Fifth Third's MLO position and that it was not obligated to pay overtime wages to its MLOs. Fifth Third asserts that the legal consequence of its good-faith reliance is that Plaintiffs cannot recover for any claim for overtime compensation after September 8, 2006 (the date of the 2006 Opinion Letter).

Fifth Third's argument does not address the issue relevant at the conditional certification stage—that is, whether the proposed class members are similarly situated to Plaintiffs. At the notice stage, district courts within the Sixth Circuit typically do not consider the merits of the plaintiff's claims, resolve factual disputes, make credibility determinations, or decide substantive issues. *See, e.g., Burdine v. Covidien, Inc.*, No. 1:10cv194, 2011 WL 2976929, at *2–4 (E.D.Tenn. June 22, 2011); *Seger v. BRG Realty, LLC*, No. 1:10cv434, 2011 WL 2020722, at *3 (S.D.Ohio May 24, 2011). While Fifth Third's asserted defense may be compelling, the Court finds it inappropriate to engage in a merits analysis at this stage of the lawsuit.

Because Plaintiffs have made the showing required for conditional class certification under 29 U.S.C. § 216(b), and because Fifth Third does not directly challenge Plaintiffs' entitlement to conditional class certification, the Court GRANTS the Plaintiffs' request for conditional certification of the nationwide class.[7]

## B. Judicial Notice

■ Courts may facilitate notice to putative collective class members so long as the court avoids communicating to absent class members any encouragement to join the suit or any approval of the suit on its merits.

*Hoffmann–La Roche Inc. v. Sperling*, 493 U.S. 165, 168–69, 110 S.Ct. 482, 107 L.Ed.2d 480 (1989). Accurate and timely notice concerning the pendency of the collective action promotes judicial economy because it discourages class members from filing numerous identical suits and instead allows them to pursue their claims in one case where the same issues of law and fact are already being addressed. *Id.* at 170, 110 S.Ct. 482.

Fifth Third did not object to the form of notices proposed by Plaintiffs, and the Court agrees that sending judicial notice to putative collective class members will promote judicial economy. However, the Court finds the proposed notices deficient or improper in certain respects. First, to avoid any misunderstanding on the part of the putative collective action plaintiffs as to the status of the lawsuit, the judicial notice should clarify that the lawsuit is only in the early stages, that the right to recovery is not established and is not certain, and that a decision to participate in the lawsuit does not guarantee that the participant will receive money.

Second, the proposed judicial notice fails to inform recipients that by joining the lawsuit they will be bound by the judgment of the Court on all issues in the case, including the reasonableness of any settlement. Such information ought to be plainly presented to individuals since their affirmative action in opting in to the suit will be construed as an indication of their willingness to be so bound. *See Shain v. Armour & Co.*, 40 F.Supp. 488, 490 (D.C.Ky.1941).

Third, the proposed judicial notice and consent form reference minimum wage claims. Any such reference must be deleted as Plaintiffs have not made a minimum wage claim against Fifth Third in this case.

---

7. Judge Marbley's recent decision in *Lewis v. The Huntington National Bank* is instructive. No. C2–11–CV–0058, 789 F.Supp.2d 863, 2011 WL 1990567 (S.D.Ohio May 23, 2011). There, as here, the plaintiffs were employed by the defendant as loan officers and sued their employer to recover overtime wages. *Id.* at 865, 2011 WL 1990567 at *1. As in this case, the plaintiffs moved for conditional certification and judicial notice, and instead of opposing the motion, the defendant filed a motion for summary judgment arguing that it was entitled to a full defense to liability under 29 U.S.C. § 259. *Id.* at 866, 2011 WL 1990567 at *2.

Judge Marbley did not rule on the summary judgment motion because the parties had not yet completed discovery. Further, because "the commencement of a collective action under § 216(b) does not toll the statute of limitations period for plaintiffs who have failed to opt in," the court concluded that the motion for conditional class certification should be addressed before the defendant's defense on the merits was ripe. *Id.* at 866, 2011 WL 1990567 at *2 (quoting *Musarra v. Digital Dish, Inc.*, No. C2–05–545, 2008 WL 818692, at *2 (S.D.Ohio Mar. 24, 2008)).

Finally, sending different forms of judicial notice to potential opt-in plaintiffs is unnecessary and may cause confusion. A single form of judicial notice that includes a statement pertaining to the effect of signing an Employee Acknowledgment Form is sufficient. The statement shall read as follows:

If you previously signed an "Employee Acknowledgment Form" and received overtime pay from Fifth Third Bank for some period of time between March 24, 2010 and January 3, 2011, you still have the right to participate in this lawsuit because the Acknowledgment cannot be used either as a settlement of your claim or a waiver of Fifth Third's liability.

Inclusion of the above text is appropriate because, although by signing the Acknowledgment Form employees agree they are owed no additional wages or payments from the Bank, an employee's right to overtime pay under the FLSA is nonwaivable. *Barrentine v. Arkansas–Best Freight Sys., Inc.,* 450 U.S. 728, 740, 101 S.Ct. 1437, 67 L.Ed.2d 641 (1981); *see also Lewis,* 789 F.Supp.2d at 869, 2011 WL 1990567, at *5 and *Lewis,* No. C2–11–CV–0058, Joint Proposed Notice, doc. 48–1.

■ The Court also finds that Plaintiffs' proposed plan for transmitting judicial notice to all putative opt-in Plaintiffs by mail and, additionally by email to those who are no longer employed by Fifth Third Bank, is appropriate. The Bank has not raised any objection to Plaintiffs' proposed distribution plan. The Court finds that permitting transmission by mail, and additionally by email to former Fifth Third MLOs only, both appropriately safeguards the privacy of individuals not currently a party to the case and helps ensure that all potential plaintiffs receive notice of their right to join this lawsuit. The Court will not, however, order Fifth Third Bank to produce to Plaintiffs any personal information about putative collective class members other than their names, last known addresses, dates of employment, and for those MLOs no longer employed by Fifth Third, the last known email address. Plaintiffs have failed to justify their request for the employees' telephone numbers, social security numbers (last four digits), and employee identification numbers.

## III. CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Conditional Certification and Judicial Notice (doc. 31) is GRANTED IN PART and DENIED IN PART. The Court GRANTS the conditional class certification under the FLSA and approves Plaintiffs' plan for distributing judicial notice. The Court DENIES the motion to the extent that it seeks approval of Plaintiffs' proposed Judicial Notice of Lawsuit for Unpaid Overtime Wages and an order directing Fifth Third to provide Plaintiffs' counsel the telephone number, social security number (last four digits only), and employee identification number of the individuals described in the proposed unit.

Within seven days, the parties shall submit a joint or separate proposed judicial notice that complies with the parameters set forth in this Order. Additionally, Fifth Third Bank shall produce to Plaintiffs' Counsel within fourteen days a list of all persons employed by the Bank as MLOs at any time within three years of the date of this Order and up to January 3, 2011. The list shall include each employee's full name, last known address, dates of employment, and last known personal email address (for former employees only).

IT IS SO ORDERED.